WILLIAM F. DOHERTY, Specialist Four,
U. S. Army, Petitioner

v

UNITED STATES, Respondent

20 USCMA 163, 43 CMR 3

Miscellaneous Docket No. 70–67

November 20, 1970

*Frank J. McGee, Jr., Esquire,* counsel for Petitioner.

## Memorandum Opinion of the Court

Petitioner has filed a Petition for Writ of Mandamus or Other Appropriate Relief. It is therein averred that a charge alleging the premeditated murder of an unidentified Vietnamese civilian has been preferred against him and has been referred to an investigating officer pursuant to Article 32, Uniform Code of Military Justice, 10 USC § 832. The case of United States v Calley has been referred to trial by general court-martial at Fort Benning, Georgia, and involves a charge of the premeditated murder of several Vietnamese civilians, evidently arising out of generally the same incident involved in the charge against petitioner.

Petitioner declares that because of the publicity attending Lieutenant Calley's trial, there is a fair risk that he will be denied his right to an impartial Article 32 investigation. Accordingly, he seeks an order delaying the Calley trial until completion of the investigation and, thereafter, until the charge against him has been dismissed or referred to trial.

In United States v Calley, 19 USCMA 96, 41 CMR 96 (1969), we held that the primary responsibility for protecting the fair and orderly administration of justice from the risks attendant upon news reports or other influences of a potentially prejudicial variety rests with the military judge.

A similar responsibility is placed upon an Article 32 investigating officer. Whether or not he has read

or heard the reports of the Calley trial, and whether or not he has been influenced thereby, are matters ascertainable upon appropriate inquiry during the course of the investigation. With his responses thus made a part of the record, there is a reasonable basis for decision established for the investigating officer and for all subsequent tribunals authorized to pass upon the investigating officer's qualifications. Where, as here, there is no indication that the investigating officer has been influenced in any way by the trial of another case, conducted at another station, and involving another individual, no foundation for the relief sought is presented.

The petition is denied.