ERNEST L. MEDINA, Captain, U. S. Army, Petitioner

v

STANLEY R. RESOR, The Secretary of the Army;

KENNETH J. HODSON, Major General, U. S. Army,
The Judge Advocate General, Department
of the Army;

ALBERT O. CONNOR, Lieutenant General, U. S. Army,
Commanding General Third U. S. Army;

WILSON FREEMAN, Colonel, U. S. Army, Staff Judge Advocate,
Third U. S. Army, Ft. McPherson, Georgia;

WILLIAM G. ECKHARDT, Major, U. S. Army;

ROBERT M. LATHROP, Colonel, U. S. Army, Staff Judge Advocate,
USAIC, Ft. Benning, Georgia;

and

AUBREY DANIEL, III, Captain, U. S. Army, Respondents

20 USCMA 403, 43 CMR 243

*F. Lee Bailey, Esquire, Gerald Alch, Esquire, Captain Mark J. Kadish,* and *Captain John Truman,* counsel for Petitioner.

## Memorandum Opinion of the Court

This Petition for Writ of Mandamus and/or Prohibition and/or Other Appropriate Extraordinary Relief has been filed by Captain Ernest L. Medina, presently assigned to duty at Headquarters, United States Army Garrison, Fort McPherson, Georgia.

Petitioner represents that:

(A) Charges alleging murder, maiming, and aggravated assault have been preferred against him and have been investigated pursuant to Article 32, Uniform Code of Military Justice, 10 USC § 832.

(B) Petitioner "believes and therefore alleges that the respondents herein have conspired and are conspiring to deny him a fair and impartial trial in violation of the due process and equal protection clauses of the United States Constitution."

(C) During the investigation, pursuant to Article 32, Code, supra, the investigating officer admitted into evidence, over the objection of petitioner, many unsworn statements.

(D) In the trial of United States v Lieutenant William L. Calley, Jr., presently being conducted at Fort Benning, Georgia, that accused has claimed that his alleged criminal conduct was occasioned by the direct order of the petitioner. Petitioner is ready, willing, and able to testify on behalf of the United States Army in direct refutation of Lieutenant Calley's testimony. Petitioner believes and therefore he alleges that Respondent Captain Aubrey Daniel, III, trial counsel of the general court-martial to which Calley's trial has been referred, wishes to call petitioner as a rebuttal witness. However, there allegedly exists a written directive, dated on or about February 26, 1971, from Respondent Colonel Robert M. Lathrop, Staff Judge Advocate, Fort Benning, reflecting the prohibitive order negating Daniel's desire to call the petitioner as a rebuttal witness. Petitioner avers that there exists a special reason which substantiates Daniel's belief in the petitioner's credibility and his desire to use the latter's testimony in rebuttal.

(E) The conspiracy among the respondents to deprive the petitioner of a fair trial in violation of his constitutionally guaranteed rights to due process and equal protection of the law is further manifested by:

"A. The deliberate chronology of Lieutenant Calley's testimony incriminatory towards Petitioner, the directive not to call Petitioner in rebuttal, and the imminent referral of charges against Petitioner to general court-martial, gives rise to a prejudicial presumption of Petitioner's criminal liability.

"B. The refusal of Respondent Eckhardt, Prosecutor of Sergeant Charles Hutto, to utilize the available rebuttal testimony of Petitioner in the court-martial of said Hutto, which proceeding resulted in an acquittal."

Petitioner prays that:

"1. Respondents Resor, Connor, Eckhardt, and all other appropriate agents of said respondents be temporarily prohibited from referring for court-martial any charges against Petitioner.

"2. Said respondents be permanently prohibited from so acting.

"3. Respondents Resor, Hodson and Lathrop be prohibited from interfering with the administration of justice particularly as it pertains to your Petitioner's available testimony in the Calley court-martial.

"4. An evidentiary hearing be held as soon as is convenient to this Honorable Court affording your Petitioner the opportunity to present evidence, testimonial and otherwise, in support of his allegations and prayers herein.

"5. For such other further relief as this Court may determine proper in the premises."

The petitioner's request for a writ of prohibition enjoining the named respondents temporarily and permanently from referring for court-martial any charges against the petitioner (Prayers 1 and 2) is dismissed.

The nature, source, or possible effect of unsworn statements upon the investigating officer's findings and recommendations are not set out or otherwise described in the petition, nor is there any indication that the rulings of the investigating officer were encompassed within or in any way related to the "conspiracy" of which he complains. The allegation expresses simply the subjective conclusion of the petitioner and, considered alone or in conjunction with other allegations, is insufficient basis for affirmative relief. United States v Bradford, 238 F2d 395 (CA 2d Cir) (1956), certiorari denied, 352 US 1002, 1 L Ed 2d 546, 77 S Ct 558 (1957); Dotson v United States, 287 F2d 868 (CA 10th Cir) (1961); United States v Marcello, 202 F Supp 694 (ED La) (1962). Also, there is no indication that, assuming the charges are referred to trial by court-martial, the ordinary course of the proceedings against him through trial and appellate channels is not an adequate source of relief for any pretrial defects of this nature. Hallinan v Lamont, 18 USCMA 652 (1968); Font v Seaman, 20 USCMA 387, 43 CMR 227 (1971). See United States v Samuels, 10 USCMA 206, 27 CMR 280 (1959).

As this Court stated in *Hallinan,* at page 653:

". . . [T]he relief contemplated by the All Writs Act [28 USC § 1651] and that sought by the petitioner is extraordinary in nature, and petitioner is required to demonstrate that the ordinary course of the proceedings against the prisoners through trial and appellate channels is not adequate. Gale v United States [17 USCMA 40, 37 CMR 304 (1967)]."

The petitioner's request for a writ of prohibition enjoining the named respondents from interfering ing with the administration of justice particularly as it pertains to the petitioner's availability in the Calley court-martial (Prayer 3) is also dismissed.

Primary responsibility for the appearance of witnesses before courts-martial rests upon the trial counsel. That officer is required to consider whether the evidence which the witness is expected to give is material and necessary before deciding whether the presence of any particular witness is necessary. Paragraph 44*f,* Manual for Courts-Martial, United States, 1969 (Revised edition). Since the responsibility for the prosecution of any case rests upon him, the means for discharging that responsibility, within the law, are his to choose. This includes the right to call all witnesses necessary to the proof of any case referred to him as prosecutor. The credibility of any witness is a matter for determination by the members of the court.

Fundamental to the problem posed by this petition is the fact that neither the actions nor the rights of petitioner are involved in the Calley trial in such a way as to affect the outcome of petitioner's trial, should such trial be ordered. Whatever the outcome of Calley's trial may be, that result can in no way be used for or against this petitioner at his possible future trial. See Doherty v United States, 20 USCMA 163, 43 CMR 3 (1970).

Our determination, in this case, should in no way be construed as reflecting an opinion whether, or to what extent, a convening authority, a staff judge advocate, or other official, may limit trial counsel's authority to summon witnesses for the prosecution. Cf. United States v Sears, 20 USCMA 380, 43 CMR 220 (1971). Likewise, we express no opinion on the question of whether an uncalled witness may compel a party to produce his testimony at a given trial.

The petitioner's request for an evidentiary hearing affording him the opportunity to present evidence, testimonial and otherwise, in support of his allegations and prayers (Prayer 4) is similarly dismissed. Hallinan v Lamont and Font v Seaman, both supra.

Accordingly, since the petition sets forth no basis for the relief sought, it is dismissed.

Judge DARDEN would dismiss the petition solely because the relief requested is not in aid of this Court's jurisdiction.