EDWARD M. WEST, Airman Basic, U. S. Air Force, Petitioner

v

JOHN S. SAMUEL, Major General, Commander, Lowry Technical Training Center, Lowry Air Force Base, Colorado; RUSSELL A. STANLEY, Colonel, Military Judge; JOHN E. MOYE, Captain, Trial Counsel;

and

JOHN A. PEAK, Captain, Assistant Trial Counsel, Respondents

21 USCMA 290, 45 CMR 64

Miscellaneous Docket
No. 72–8

April 6, 1972

*Eugene Deikman, Esquire, Rudolph Schware, Esquire, Captain Alan C. Friedberg,* and *Captain John D. Gelhausen,* counsel for Petitioner.

*Colonel Henry R. Lockington, Major Stark O. Sanders, Jr.,* and *Captain Fred W. Kuhn,* counsel for Respondents.

## Memorandum Opinion of the Court

Incidents occurring on August 23 and 26, 1971, resulted in charges against the accused of disrespect to a superior commissioned officer, willful disobedience of a superior commissioned officer, willful disobedience of a superior noncommissioned officer, and a series of assaults, in violation of Articles 89, 90, 91, and 128, Uniform Code of Military Justice, 10 USC §§ 889, 890, 891, 928. Thereafter, accused secured the assistance of civilian counsel through the Colorado Lawyers Guild, because of alleged civil rights violations which might be involved.

As a result of other incidents occurring in October 1971, accused was also charged with three counts of robbery, in violation of Article 122, Uniform Code, supra, 10 USC § 922. These charges were consolidated with those already pending and investigated together, became the subject of a common pretrial advice, and were referred to trial before a single general court-martial. Prior to trial, civilian counsel requested a severance of the charges because of their separate nature and their desire to represent the accused only as to the August incidents. The convening authority denied the request and directed that trial proceed on the consolidated charges.

At the trial, accused, now represented by appointed military counsel, individual military counsel, and the civilian counsel to whom reference has heretofore been made, moved for severance of the charges on the basis that they involved separate incidents; that civilian counsel had not been retained by the accused with reference to the robbery charges; that they and their organization, the Colorado Lawyers Guild, were not interested in defending the accused against the latter allegations; that to have civilian counsel defend the accused on only a portion of the charges would prejudice him as to the remaining offenses; and that, in any event, trial of the two sets of charges together would serve to prejudice him in the eyes of the court.

The military judge denied the motion for severance and, upon counsel's insistence that they would defend the accused only as to the August charges, ordered them to withdraw from the case. At the same time, he granted the accused a continuance to seek other civilian representation.

Accused, acting through his present counsel, petitioned this Court for a Writ of Prohibition, seeking review of the motion for severance and contending that, unless this Court intervenes, he will be forced to trial on the consolidated trials without his civilian counsel. The constitutional issue presented and the judicial waste and delay involved in hearing the case in the ordinary course of appeal are said to justify the extraordinary relief requested.

We do not reach the merits of the issues ruled on by the military judge at the trial. This Court's authority to issue the writ involved is based on the provisions of 28 USC § 1651, which provides for the issuance of such when "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." United States v Frischholz, 16 USCMA 150, 36 CMR 306 (1966); Parisi v Davidson, 405 US 34 (1972). Its invocation is not a substitute for appeal. *Frischholz*, supra, at page 153. Extraordinary writs are reserved for really extraordinary cases, and then only to confine an inferior court to the lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Platt v Minnesota Mining & Mfg. Co., 376 US 240, 11 L Ed 2d 674, 84 S Ct 769 (1964).

This supplemental review power is to be used only in the exceptional case wherein there is a clear abuse of discretion or usurpation of judicial power. Bankers Life & Cas. Co. v Holland, 346

US 379, 98 L Ed 106, 74 S Ct 145 (1953). It was not intended to be used as a vehicle for piecemeal appeals from interlocutory rulings. Cf. United States v Best, 6 USCMA 39, 19 CMR 165 (1955); Medina v Resor, 20 USCMA 403, 43 CMR 243 (1971).

As was said in Gale v United States, 17 USCMA 40, 37 CMR 304 (1967), at page 43:

> "The remedy sought from this Court is extraordinary in nature, and it is incumbent upon the accused to demonstrate that the ordinary course of the case through trial and appellate channels is not adequate. . . ."

Here, accused's petition demonstrates no extraordinary reason for direct appeal from an interlocutory ruling, nor does he make out any ground "in aid of" our jurisdiction. Cf. Parisi v Davidson, supra. As in *Gale*, supra, his contentions, boiled down, amount to the allegations of inconvenience involved in going through a criminal trial in which prejudicial error may have been committed. Such is not a basis for extraordinary relief, for an adequate remedy exists in the ordinary channels of appellate review. Font v Seaman, 20 USCMA 387, 43 CMR 227 (1971); Hallinan v Lamont, 18 USCMA 652 (1968).

The petition is dismissed.