Private E–1 John T. MASTROPIETRO
019–50–9309, United States
Army, Petitioner,

v.

Colonel Crispus C. NIX, Commandant,
United States Disciplinary Barracks;
Lieutenant General Howard F. Stone,
Commander, U. S. Army Combined Arms
Center and Fort Leavenworth; or their
successors, and The United States, Re-
spondents.

Misc. Docket No. 1981/1.

U. S. Army Court of Military Review.

23 Nov. 1981.

Before JONES, GARN and HANFT, Ap-
pellate Military Judges.

## OPINION OF THE COURT ON PETI-
TION FOR EXTRAORDINARY
RELIEF

PER CURIAM:

Petitioner asks this Court to direct his
release from confinement at the United
States Disciplinary Barracks and dismiss
the charges against him because his record
of trial by general court-martial has not
reached this Court, five months after the
convening authority took his action.* Peti-
tioner maintains he has been denied his
"... right to timely proceedings in the
appellate process ..." and that "[t]he relief
sought cannot be obtained during the ordi-
nary course of appellate review because the
basis of this petition is the fact that appel-
late review has not commenced in a timely
manner."

 Extraordinary relief, as the words
indicate, is a special remedy to be exercised
only in the unusual or exceptional case. It
is not a substitute for an appeal and the
petitioner must demonstrate that he will be
unable to obtain adequate relief in the ordi-
nary course of appellate review. *West v.
Samuel*, 21 U.S.C.M.A. 290, 45 C.M.R. 64
(1972); *Gale v. United States*, 17 U.S.C.
M.A. 40, 37 C.M.R. 304 (1967). In the in-
stant case, the Petitioner has asserted that
his right to timely appellate proceedings has
been violated but he has not demonstrated
how such a violation could not be remedied
during the course of normal appellate re-
view. Consideration of such an error is, in
fact, appropriate during appellate review
and it can be addressed at that time. *Unit-
ed States v. Green*, 4 M.J. 203 (C.M.A.1978);
*Rhoades v. Haynes*, 22 U.S.C.M.A. 189, 46
C.M.R. 189 (1973).

---

* The general court-martial promulgating order
attached to the petition indicates Petitioner
pleaded guilty to possessing and selling heroin.
He was sentenced on 13 March 1981 to a dis-
honorable discharge, confinement at hard labor
for six years, and forfeiture of all pay and
allowances. On 12 June 1981 the convening
authority reduced the period of confinement to
18 months and approved the remainder of the
sentence.

The normal appellate review of Petitioner's case before this Court should be initiated momentarily. The Court received a letter from the Assistant Staff Judge Advocate of the general court-martial jurisdiction concerned on the same day this petition was filed, explaining that the record of trial had been "misrouted to the Philadelphia Naval Brig." The record had been returned to the convening authority and the command had mailed it to this Court on 3 November 1981.

Accordingly, the Petition for Extraordinary Relief is dismissed.