UNITED STATES, Appellee

v.

Eric LOPEZ de VICTORIA, Sergeant
U.S. Army, Appellant

No. 07-6004

Crim. App. No. 20061248

United States Court of Appeals for the Armed Forces

Argued November 14, 2007

Decided February 26, 2008

STUCKY, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, J., joined.  RYAN, J., filed a dissenting opinion in which ERDMANN, J., joined.

<u>Counsel</u>

For Appellant:  Captain Nathan J. Bankson (argued); Colonel Christopher J. O'Brien, Lieutenant Colonel Steven C. Henricks, and Major Teresa L. Raymond (on brief); Major Fansu Ku.

For Appellee:  Captain James P. Leary (argued); Colonel John W. Miller II, Lieutenant Colonel Steven P. Haight, and Captain Larry W. Downend (on brief).

Amicus Curiae for Appellee:  Colonel Gerald R. Bruce and Major Matthew S. Ward (on brief).

Amicus Curiae:  Captain Timothy M. Cox and Captain Anthony D. Ortiz (on brief).


Military Judge:  Richard J. Anderson

<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>.

Judge STUCKY delivered the opinion of the Court.

We granted review in this case to consider whether the November 2003 amendment to the statute of limitations, Article 43(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 843(b) (2000), applies retroactively to offenses committed before the amendment's effective date. The Court specified an additional issue: whether this Court has statutory authority to exercise jurisdiction over decisions of the courts of criminal appeals rendered pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (2000). We answer the specified issue as to our jurisdiction in the affirmative, but reverse the Court of Criminal Appeals on the merits.

## I.

Officer and enlisted court members convicted Appellant, contrary to his pleas, of indecent acts and liberties with a child between November 24, 1998, and June 1, 1999, and one specification of making a false official statement, in violation of Articles 107, 134, UCMJ, 10 U.S.C. §§ 907, 934 (2000). He was acquitted of an additional specification of indecent acts and one of assault, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2000). Court members sentenced Appellant to a dishonorable discharge, reduction to E-1, forfeiture of all pay and allowances, and confinement for four years.

United States v. Lopez de Victoria, No. 07-6004/AR

During the trial, the military judge sua sponte raised the issue of whether the applicable statute of limitations barred prosecution of some charges and specifications, but ruled that it did not. Ultimately, in a post-trial session held pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839 (2000), the military judge reversed himself and held that Appellant's convictions for indecent acts and liberties were barred by the statute of limitations, in that the 2003 amendment to Article 43(b) of the UCMJ did not retroactively extend to offenses committed before the date of the amendment. Finding that Congress was silent on whether the 2003 amendment was to be applied retroactively, he ruled that in the absence of a "clear and unequivocal declaration" of such application, it could only be applied prospectively. The military judge accordingly set aside those findings and ordered further sentencing proceedings with respect to the remaining finding under Article 107, UCMJ.

The Government appealed under Article 62, UCMJ. The Army Court of Criminal Appeals granted the appeal, holding that the amendment to the statute applied retroactively and that the post-trial proceedings could continue. United States v. Lopez de Victoria, 65 M.J. 521 (A. Ct. Crim. App. 2007). Appellant then petitioned this Court for review of the Court of Criminal Appeals' decision.

United States v. Lopez de Victoria, No. 07-6004/AR

While this Court was deciding whether to grant review, Appellant moved this Court to stay all trial proceedings and order him released from confinement.  We denied that motion.  On August 2, 2007, the convening authority approved the adjudged sentence, except for the forfeitures.

II.

Prior to 1983, there was no statutory provision for interlocutory appeals by the government in courts-martial.  Such issues were reviewable only in the context of petitions for extraordinary relief.  See, e.g., Dettinger v. United States, 7 M.J. 216, 218 (C.M.A. 1979); West v. Samuel, 21 C.M.A. 290, 45 C.M.R. 64 (1972).

The Military Justice Act of 1983, Pub. L. 98-209 (1983), amended Article 62 of the UCMJ to provide for a government appeal of rulings by a military judge that terminated proceedings with respect to a charge or specification or that excluded evidence that was substantial proof of a material fact.[1] The President, in his contemporaneous implementation of the Act, expressly provided for appeal of adverse Article 62, UCMJ, decisions to our Court, and from our Court to the Supreme Court. R.C.M. 908(c)(3) (Manual for Courts-Martial, United States (MCM)

---

[1] Article 62, UCMJ, was amended again in 1996 to provide for interlocutory appeals of certain questions relating to classified information.  National Defense Authorization Act for

4

(1984 ed.))[2]; see 28 U.S.C. § 1259(2), enacted as part of the 1983 Act (providing for discretionary Supreme Court review of cases reviewed by a court of criminal appeals that the Judge Advocate General orders sent to this Court for review). Thereafter, we held that we had jurisdiction over a petition filed by an appellant seeking review of an adverse decision by a court of military review on a government appeal from a military judge's dismissal of a charge and specification on speedy trial grounds. United States v. Tucker, 20 M.J. 52, 53 (C.M.A. 1985).

In its brief and argument on the specified issue, Appellee[3] relies on a "plain meaning" analysis of Article 67, UCMJ, 10 U.S.C. § 867 (2000). Admitting that Article 67(a)(3)'s language granting this Court jurisdiction over "all cases reviewed by a court of criminal appeals in which, upon petition" is "arguably" broad enough to grant this Court jurisdiction over such appeals, Appellee points to Article 67(c), UCMJ, as fatal to jurisdictional claims:

---

FY 1996, Pub. L. No. 104-106, § 1141(a), 110 Stat. 186, 467 (1996). The 1996 amendments are not at issue here.
[2] Similar provisions are included in the current version of the Manual. R.C.M. 908(c)(3) (Manual for Courts-Martial, United States (MCM) (2005 ed.)).
[3] We refer to "Appellee" rather than "Government" because there is no unified position among the different government appellate divisions in this case. In an amicus brief, the Air Force argues that Tucker remains good law and that, at a minimum, this Court has jurisdiction to hear Government appeals of Article 62, UCMJ, decisions rendered by the courts of criminal appeals.

> In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.

Article 67(c), UCMJ.

In this case, while the convening authority has now acted on the findings and sentence, the Court of Criminal Appeals' action was limited to this appeal. Because the Court of Criminal Appeals has not acted upon the findings and sentence, it is argued, this Court has no present jurisdiction over this appeal.

This Court, like all federal courts, is a court of limited jurisdiction. Clinton v. Goldsmith, 526 U.S. 529, 535 (1999); 13 Charles Alan Wright et al., Federal Practice and Procedure § 3522 (2d ed. 1984). That jurisdiction is conferred ultimately by the Constitution, and immediately by statute. However, this principle does not mean that our jurisdiction is to be determined by teasing out a particular provision of a statute and reading it apart from the whole. Since the beginning of jurisprudence under the UCMJ, we have read the statutes governing our jurisdiction as an integrated whole, with the purpose of carrying out the intent of Congress in enacting them. United States v. Best, 4 C.M.A. 581, 16 C.M.R. 155 (1954);

United States v. Merritt, 1 C.M.A. 56, 1 C.M.R. 56 (1951).[4]

"[W]e believe it axiomatic that Article 67 must be interpreted in light of the overall jurisdictional concept intended by the Congress, and not through the selective narrow reading of individual sentences within the article." United States v. Leak, 61 M.J. 234, 239 (C.A.A.F. 2005). In Leak, we declined to read Article 67(c), UCMJ, in isolation as a substantive limit on our jurisdiction because to do so "would defeat the overall intent of Article 67 -- to grant this Court jurisdiction to decide matters of law raised by appellants or certified by Judge Advocates General." Id. at 242. The same principle applies here.

The statutory text expressly provides our Court with jurisdiction over "all cases reviewed by a Court of Criminal Appeals" upon certification by the Judge Advocate General, Article 67(a)(2), UCMJ, or petition by the accused, Article 67(a)(3), UCMJ. Section 1259 of Title 28 provides the Supreme Court with direct appellate jurisdiction over our decisions.

---

[4] Although Appellee cites Best as authority for the proposition that we are without jurisdiction in this case, that case does not constitute such authority. Best was decided almost thirty years before the enactment of the present Article 62, UCMJ, and was a petition case, not involving either certification or an extraordinary writ, the only avenues then available for interlocutory appeals. It did not represent the state of the law with respect to interlocutory matters at the time Congress was considering the Military Justice Act of 1983. See infra p.

7

These provisions further the statutory purpose of enacting a "Uniform Code of Military Justice" in 1950 and the statutory purpose of the Military Justice Act of 1983 in authorizing direct Supreme Court review of decisions by appellate courts in the military justice system. Appellee's position -- that "all cases" in Article 67(a), UCMJ, does not include interlocutory appeals of adverse trial court rulings -- would defeat the purposes of both statutes by precluding direct appeal of disparate decisions by lower appellate courts.

The longstanding interpretation of the statutory text is consistent with the legislative history of Article 62, UCMJ. Congress, in enacting the revised Article 62, UCMJ, in 1983, clearly intended to afford the government a right to appeal which, "to the extent practicable . . . parallels 18 U.S.C. § 3731, which permits appeals by the United States in federal prosecutions." S. Rep. No. 98-53, at 23 (1983). In United States v. Wilson, 420 U.S. 332, 338-9 (1975), the Supreme Court read § 3731 as expressing a desire "to authorize appeals whenever constitutionally permissible. . . . [I]t seems inescapable that Congress was determined to avoid creating nonconstitutional bars to the Government's right to appeal." Since government appeals in criminal cases in the Article III

---

11. Best was overruled as to its narrow jurisdictional holding in United States v. Boudreaux, 35 M.J. 291 (C.M.A. 1992).

courts are creations of statute no less than in this Court,

United States v. Sanges, 144 U.S. 310 (1892), the same principle

applies to Article 62, UCMJ, appeals.

The original bill introduced by Senator Roger Jepsen of

Iowa would have limited further review of court of criminal

appeals' decisions to "post-trial proceedings."  S. 2521, 97th

Cong. § 3(v)(2) (1982).  During the pendency of the legislation,

however, the Department of Defense and others opposed such a

limitation.[5]  The bill as passed contained no such limitation,

and the legislative history expressly addressed such appeals:

"Either party may appeal an adverse [Article 62 appeal] ruling

from the Court of Military Review to the Court of Military

Appeals."  S. Rep. No. 98-53, at 23 (1983).  Moreover, the state

of the law at the time the Military Justice Act of 1983 was

enacted explicitly comprehended jurisdiction in the Court of

Military Appeals under Article 67, UCMJ, to review interlocutory

decisions by the courts of military review.  United States v.

Redding, 11 M.J. 100, 104-06 (C.M.A. 1981).  In other words,

Congress legislated against a judicial backdrop that already

provided for a broad reading of jurisdiction over "cases" in the

extraordinary writ context, whether arising through

---

[5] See The Military Justice Act of 1982:  Hearings on S. 2521
Before the Subcommittee on Manpower and Personnel of the Senate
Committee on Armed Services, 97th Cong., 2d Sess. 23, 97, 115,
201, 283 (1982).

United States v. Lopez de Victoria, No. 07-6004/AR

certification, as in Redding, or by petition, as in United States v. Caprio, 12 M.J. 30, 30-33 (C.M.A. 1981). Thus, Congress' decision to permit appeals from either party in the 1983 Act was not a jurisdictional innovation, but an adaptation of the existing Title 18 statute to replace the cumbersome extraordinary writ procedure with a direct appeal procedure.

Our Court has exercised jurisdiction over direct government appeals in interlocutory cases since the enactment of the present Article 62, UCMJ, as has the Supreme Court. The landmark case of Solorio v. United States, 483 U.S. 435 (1987), in which the government appealed a military judge's ruling dismissing certain charges under the "service connection" doctrine of O'Callahan v. Parker, 395 U.S. 258 (1969), is instructive. The Court of Military Review reversed, United States v. Solorio, 21 M.J. 512 (C.G.C.M.R. 1985), whereupon the accused petitioned this Court for review. We affirmed the decision of the Court of Military Review. United States v. Solorio, 21 M.J. 251 (C.M.A. 1986). The Supreme Court granted certiorari under 28 U.S.C. 1259(3), the provision authorizing the Supreme Court to grant certiorari over cases in which this Court "granted a petition for review under section 867(a)(3) of title 10." 28 U.S.C. 1259(3); Solorio, 483 U.S. at 438 (exercising its power under that statute). Article 67(a)(3), UCMJ, authorizes this Court to review "all cases reviewed by a

10

Court of Criminal Appeals" in which the accused's petition establishes good cause.

The Supreme Court granted certiorari, noting the interlocutory nature of the appeal.[6]  Solorio, 483 U.S. at 437-38.  On certiorari, the Supreme Court not only agreed that the military judge erred on the merits, but overruled O'Callahan.  Solorio, 483 U.S. at 436.  Solorio mirrors the procedural posture of the present case:  an Article 62, UCMJ, Government appeal to the service court of criminal appeals, followed by a defense appeal to this court.  Ultimate review of the question was had on certiorari by the Supreme Court.

The subsequent decision in Clinton v. Goldsmith does not stand for the proposition that the Supreme Court acted improperly in reviewing our Article 62, UCMJ, decision in Solorio.  See Clinton v. Goldsmith, 526 U.S. 529, 535 (1999) (referring to our Article 67(a), UCMJ, jurisdiction over cases in which a finding or sentence "was (or could have been) imposed in a court-martial proceeding," as opposed to purely administrative actions).  The Article 62, UCMJ, posture of the present case is one in which a finding or sentence "could have been" imposed, and was in fact imposed.  See also id. at 537 n.11 (citing Noyd v. Bond, 395 U.S. 683, 693-99 (1969), in which

11

United States v. Lopez de Victoria, No. 07-6004/AR

the Supreme Court discussed with approval our jurisdiction over interlocutory matters).

Article 62, UCMJ, ensures that the Government has the same opportunity to appeal adverse trial rulings that the prosecution has in federal civilian criminal proceedings.  The statutory authority for review of all cases from the courts of criminal appeals under Article 67(a)(2), UCMJ, and Article 67(a)(3), UCMJ, with further review by the Supreme Court under 28 U.S.C. § 1259(3) fulfills one of the central purposes of the Uniform Code of Military Justice -- uniformity in the application of the Code among the military services.  The decision in United States v. Tucker, 20 M.J. 52 (C.M.A. 1985), and subsequent cases, including the Supreme Court's exercise of jurisdiction in Solorio, ensures that cases will not be dismissed on the basis of erroneous legal theories, and that the application of the law will be uniform among the military departments.  Cf. United States v. Monett, 16 C.M.A. 179, 181, 36 C.M.R. 335, 337 (1966) (stating that "Congress provided the certification process as a means of achieving certainty in, and uniformity of, interpretation of the Uniform Code in each armed force, as well as for all the armed forces").  Accordingly, we affirm that

---

[6] The Solicitor General had opposed certiorari on ripeness grounds.  Brief for the United States in Opposition at 14, Solorio (No. 85-1581), 1986 U.S. S. Ct. Briefs LEXIS 1166.

cases appealed under Article 62, UCMJ, may be reviewed under

Article 67(a), UCMJ.

III.

The indecent acts and liberties of which the Appellant was

convicted took place at various times between November 24,

1998, and June 1, 1999. When these acts were committed, the

applicable statute of limitations was five years, as provided in

Article 43(b)(1), UCMJ.

In 2003, Congress amended Article 43(b)(1), UCMJ, to except

from the general five-year statute certain listed "child abuse

offense[s]," listed in Article 43(b)(2)(B), UCMJ, including

indecent acts and liberties with a child. The statute of

limitations (SOL) for these offenses would expire when the child

reached the age of twenty-five years. National Defense

Authorization Act for FY 2004, Pub. L. No. 108-136, § 551, 117

Stat. 1392, 1481 (2003).[7]

The following is a chronology of the relevant events in

this case.

---

[7] A further amendment in 2006, after the charges against Appellant were received by the summary court-martial convening authority, changed the limitation period to the greater of the life of the child or five years after the offense. National Defense Authorization Act for FY 2006, Pub. L. No. 109-163, § 553, 119 Stat. 3136, 3264 (2006). This amendment is not at issue in this case.

13

| Date | Event |
|------|-------|
| Nov. 24, 1998 | Beginning of period during which offenses are alleged to have occurred |
| Jun. 1, 1999 | End of period during which offenses are alleged to have occurred |
| Nov. 24, 2003 | Effective date of new SOL -- until child reaches twenty-five |
| May 31, 2004 | Expiration of five-year SOL for all alleged indecent acts offenses |
| May 31, 2006 | Receipt of charges by summary court-martial convening authority[8] |

In United States v. McElhaney, 54 M.J. 120 (C.A.A.F. 2000), we declined to apply the civilian child abuse statute of limitations contained in 18 U.S.C. § 3283 to courts-martial. Pointing out that the military and civilian systems of criminal justice are separate as a matter of law and that, as such, great caution should be exercised in judicial extension of general statutes to the court-martial system, we examined the wording of the statute and determined that it did not supplant Article 43, UCMJ, as the applicable statute of limitations for child abuse offenses under the UCMJ. McElhaney, 54 M.J. at 124-26; see also United States v. Spann, 51 M.J. 89, 92-93 (C.A.A.F. 1999) (holding that, in light of military justice system being separate from federal criminal justice system, federal victims'

---

[8] An accused is not liable to be tried by court-martial unless the sworn charges are received by the summary court-martial

14

rights statute did not apply to court-martial practice absent affirmative action by the President).

In early 2003, Senator Bill Nelson of Florida, a member of the Armed Services Committee, introduced a bill in response to McElhaney to conform the military statute of limitations for child sexual abuse offenses to the federal rule. S. 326, 108th Congress (2003). The bill would have amended Article 43, UCMJ, by incorporating by reference the provisions of 18 U.S.C. § 3283 for child abuse offenses tried under the UCMJ. At the time, § 3283 provided as follows: "No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years." Senator Nelson's bill never became law.[9]

Instead, Congress chose to substantively amend Article 43, UCMJ, by inserting into it a separate statute of limitations for child abuse offenses devoid of reference to § 3283. National Defense Authorization Act for FY 2004 (NDAA), Pub. L. No. 108-136, § 551, 117 Stat. 1392, 1481 (2003).[10] The new section of

---

convening authority within the prescribed limitations period. See Article 43(b), UCMJ.

[9] The Court of Criminal Appeals' statement that "Congress incorporated Senator Nelson's language into the . . . Act," Lopez de Victoria, 65 M.J. at 526, mischaracterizes what Congress did.

[10] Section 3283 is referred to in the Senate report, but the reference provides no enlightenment as to the temporal

15

Article 43, UCMJ, provided as follows: "A person charged with having committed a child abuse offense against a child is liable to be tried by court-martial if the sworn charges and specifications are received before the child attains the age of 25 years by an officer exercising summary court-martial jurisdiction with respect to that person." Article 43(b)(2)(A), UCMJ. The NDAA and the accompanying report are silent on whether Congress intended the amendment to apply prospectively or retroactively.

While Congress certainly possesses the constitutional authority to apply legislation retroactively, subject to the limits of the Ex Post Facto Clause, U.S. Const. Art. I, § 9, cl. 3, retroactive application of statutes is normally not favored in the absence of explicit language in the statute or necessary implication therefrom. Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208-09 (1988); Greene v. United States, 376 U.S. 149, 160 (1964); United States v. Magnolia Petroleum Co., 276 U.S. 160, 162-63 (1928); 2 Norman J. Singer, Statutes and Statutory Construction § 41.4 at 387 (6th ed. 2001). This principle applies to statutes of limitations. See also Fordham v. Belcher Towing Co., 710 F.2d 709, 710-11 (11th Cir. 1983); 3A Norman J. Singer, supra, § 72.3 at 709.

---

application of the amendment. S. Rep. No. 108-46, at 317 (2003).

In Stogner v. California, 539 U.S. 607 (2003), the Supreme Court held that a criminal prosecution for child abuse offenses under a statute purporting to revive offenses that were barred at the time of the statute's enactment violated the Ex Post Facto Clause of the Constitution. Id. at 609. The Court declined to address whether a statute extending an unexpired statute of limitations (as is the case here) ran afoul of the clause.[11] Id. at 618. Still, that is not the question before us.

What is before us is a question of statutory construction, which is a question of law to be decided de novo. United States v. Falk, 50 M.J. 385, 390 (C.A.A.F. 1999). As noted above, both the 2003 statute amending Article 43, UCMJ, and its legislative history are silent as to whether Congress intended it to apply retroactively to cases such as this, or only to cases in which the offense occurred after the effective date of the statute.

We are cognizant of the recent federal cases interpreting 18 U.S.C. § 3283 as applying retroactively to cases in which the

---

[11] The 2005 amendment to the Analysis of the R.C.M. 907(b)(2) discusses the changes to the statute of limitations in light of Stogner, as follows: "The referenced case permits unexpired periods to be extended by the new statute, but does not allow the statute to renew an expired period." 70 Fed. Reg. 60708 (Oct. 18, 2005). As discussed infra, Stogner dealt with a different statute. Furthermore, the Supreme Court merely stated that its decision did not affect federal appellate court decisions that had "upheld extensions of unexpired statutes of

17

statute became effective before the previous limitation had expired on the accused's conduct. See, e.g., United States v. Chief, 438 F.3d 920, 923-24 (9th Cir. 2006); United States v. Jeffries, 405 F.3d 682, 684-85 (8th Cir. 2005). But § 3283's predecessor, 18 U.S.C. § 3509(k), did not just change the previous statute of limitations by increasing the term of the limitation period, as was done with Article 43, UCMJ; instead, § 3509(k), later recodified as § 3283, precluded the previous limitation from applying. That is some evidence that Congress intended § 3283 to apply retroactively. There was also some legislative history supporting such a conclusion. Chief, 438 F.3d at 924. In contrast, neither the language of Article 43, UCMJ, nor the legislative history provide any evidence that Congress intended Article 43(b)(2)(A), UCMJ, to apply retroactively.

Appellee argues that the fact that Congress entitled the amendment "Extended limitation period for prosecution of child abuse cases in courts-martial" evinces an intent to extend the period to cases such as this. Catchlines or section headings such as this are not part of a statute. They cannot vary its plain meaning and are available for interpretive purposes only if they can shed light on some ambiguity in the text. Bhd. of

---

limitations." Stogner, 539 U.S. at 618. In any event, this is a matter of statutory construction that we decide de novo.

R.R. Trainmen v. Baltimore & Ohio R.R., 331 U.S. 519, 528-29 (1947). Here, however, the text of the statute is not ambiguous; it is silent. It is the section heading itself that is ambiguous. The amendment ipso facto provides an "extended limitation period," from five years to the date the child reaches the age of twenty-five. The wording of the section heading could apply with equal force to a purely prospective extension or a retrospective one. That being the case, it is of no assistance in determining the intent of Congress.

It is also urged that statutes of limitation are "procedural" statutes as opposed to "substantive" ones, and that changes in such statutes are not subject to the presumption against retroactivity that applies to substantive changes in law. See, e.g., Landgraf v. USI Film Prods., 511 U.S. 244, 275 nn.28, 29 (1994). This would be at odds with our longstanding approach to construction of such statutes, which has been to look at each statute as a whole, considering its language, legislative history, the canons of statutory construction, applicable Supreme Court decisions, and the congressional intent to create and maintain a separate system of military justice -- without regard to categorizations such as "procedural." See,

e.g., McElhaney, 54 M.J. at 124-26.  We decline to engage in such an approach.[12]

Considering the lack of any indication of congressional intent to apply the 2003 amendment retrospectively to cases such as this, the general presumption against retrospective legislation in the absence of such an indication and the general presumption of liberal construction of criminal statutes of limitation in favor of repose, we decline to extend the reach of the 2003 amendment to Article 43, UCMJ, to cases which arose prior to the amendment of the statute.

IV.

The decision of the United States Army Court of Criminal Appeals is reversed.  The specifications of Charge I and Charge I are dismissed.  The record of trial is returned to the Judge Advocate General of the Army for referral to the convening authority to order a sentence rehearing.

---

[12] Moreover, even if one attempted to categorize statutes of limitation as "procedural," the holding in Stogner v. California suggests that they are "substantive."  If revival of a time-barred prosecution by an extending statute violates the Ex Post Facto Clause, then the statute itself cannot be merely procedural.  Stogner, 539 U.S. at 611-16.

<u>United States v. Lopez de Victoria</u>, 07-6004/AR

RYAN, Judge, with whom ERDMANN, Judge, joins (dissenting):

In <u>Clinton v. Goldsmith</u>, the Supreme Court stated that this Court's "independent statutory jurisdiction is narrowly circumscribed." 526 U.S. 529, 535 (1999). This statement reaffirms the well-established rule that, "Article I courts are courts of special jurisdiction created by Congress that cannot be given the plenary powers of Article III courts. The authority of the Article I court is not only circumscribed by the [C]onstitution, but limited as well by the powers given to it by Congress." <u>In re United Missouri Bank of Kansas City, N.A.</u>, 901 F.2d 1449, 1451-52 (8th Cir. 1990) (internal citation omitted). I dissent in this case because neither Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2000) nor Article 67, UCMJ, 10 U.S.C. § 867 (2000), nor any other statute provides for an appeal of an Article 62, UCMJ, appeal to this Court. This Court does not have the power to act unless Congress has given it statutory authority to do so: in my view the intent of Congress or the President, to the extent it is not enacted in a statute and is facially inconsistent with another statute, is not sufficient.

Article 62(a)(1), UCMJ, affords the Government the right to appeal certain specifically identified trial rulings by the military judge. Article 62(b), UCMJ, provides that this Government right to appeal is to the Court of Criminal Appeals

(CCA). Article 62, UCMJ, gives jurisdiction to the CCA to act on a Government appeal and nothing more.

"[W]hen the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (citations and quotation marks omitted). The plain language of Article 62, UCMJ, does not mention this Court or implicate Article 67, UCMJ. Nothing in the text of Article 62, UCMJ, provides this Court jurisdiction to entertain an appeal from a decision of a CCA based on Article 62, UCMJ.[1]

Article 67(a)(2) and (3), UCMJ, states the subject matter jurisdiction of this Court extends to cases specified by the Judge Advocates General or cases reviewed by the CCA "upon petition of the accused and on good cause shown . . . ." Article 67(a), UCMJ, does not mention or implicate Government appeals pursuant to Article 62, UCMJ, as cases within this Court's jurisdiction. In light of this, it is not at all clear to me how it is possible, as the majority asserts, to discount the import of Article 67(c), UCMJ, on the jurisdiction of this

---

[1] Nor is United States v. Wilson to the contrary -- it is not a case involving jurisdiction, let alone a case involving this Court's jurisdiction. Rather, it stands only for the more general proposition that the availability of a Government appeal from an adverse trial ruling should be available to the extent permissible under the Constitution generally and the double jeopardy clause in particular. 420 U.S. 332, 338-39 (1975).

United States v. Lopez de Victoria, 07-6004/AR

Court.  Article 67(a), UCMJ, must be read in conjunction with the remainder of the statute, including Article 67(c), UCMJ. See, e.g., Doe v. Chao, 540 U.S. 614, 630-31 (2004) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (citations and quotation marks omitted);  United Sav. Ass'n v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 371 (1988) (stating that statutory construction is a "holistic endeavor").  And Article 67(c), UCMJ, states in relevant part, "[i]n any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals."

By its very nature, an appeal of an Article 62, UCMJ, appeal is interlocutory:  there has been no findings, no sentence, and no convening authority action.  In Goldsmith the Supreme Court reaffirmed the principle that this Court can "act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the [CCA]."[2]  526 U.S. at 534 (citing Article

---

[2] The Majority cites to Goldsmith and notes that this Court has "Article 67(a) jurisdiction over cases in which a finding or

3

67(c), UCMJ). There is no statutory explanation as to why the instant case is exempted from either Article 67(c), UCMJ, or the Supreme Court's reading of that statutory provision to limit our jurisdiction to the express terms of the statute.[3] It is thus unclear to me how this Court has jurisdiction under Article 67(c), UCMJ, to take action with regard to a ruling that is not itself part of the findings or adjudged sentence and has not been approved by the convening authority.

Congress clearly expressed this Court's jurisdiction under Article 67, UCMJ, and said nothing about this Court in Article 62, UCMJ. In examining Articles 62 and 67, UCMJ, together, we must be mindful that the Supreme Court has consistently held that "[where] Congress includes particular language in one section of a statute but omits it in another section . . . it is

---

sentence 'was (or could have been) imposed in a court-martial proceeding.'" United States v. Lopez de Victoria, ___ M.J. ___ (11) (C.A.A.F. 2007) (quoting Goldsmith, 526 U.S. at 535). Of course, in Goldsmith the Supreme Court addressed the application of the All Writs Act, 28 U.S.C. § 1651 (2000), in light of the limited jurisdictional scope of Article 67, UCMJ. Goldsmith said nothing about the relationship between Articles 62 and 67, UCMJ, the question before us today. While it may well be that the precise issue in this case could have been brought as an extraordinary writ pursuant to the All Writs Act and Article 67, UCMJ, that is not the procedural posture of this case.

[3] Contrary to the assertion of the Majority, neither the holding nor reasoning in United States v. Leak, invites a different reading of Article 67(c), UCMJ. See 61 M.J. 234, 239 n.2 (C.A.A.F. 2005) (distinguishing between this Court's "review" of cases under Article 67(a), UCMJ, and the limitation on its power to "act" under Article 67(c), UCMJ). In this case, the Court "acts."

generally presumed that Congress acts intentionally and purposely in the disparate . . . exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (citation omitted); see also Keene Corp. v. United States, 508 U.S. 200, 208 (1993) (finding that the use of a phrase in one part of a statutory scheme "only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out" of another section). We are obliged to presume that Congress gave appellate jurisdiction over Article 62, UCMJ, Government appeals to the CCAs alone.

The majority makes the opposite presumption, expanding this Court's Article 67, UCMJ, jurisdiction to matters that do not fall within Article 67(c), UCMJ, by reference to the legislative history of Article 62, UCMJ. See Lopez de Victoria, __ M.J. __ (7-10). This is unfounded for two reasons. First, when "the provisions of [a statute] are clear and unequivocal on their face . . . [there is] no need to resort to the legislative history." United States v. Oregon, 366 U.S. 643, 648 (1961). The plain text of Article 62, UCMJ, only gives the CCA jurisdiction over Government appeals, and the plain text of Article 67(c), UCMJ, permits this Court to "act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals." See Goldsmith, 526 U.S.

5

at 534.  Therefore, it is inappropriate to look to legislative history at all.

Second, the majority's reliance on legislative history relating to Article 62, UCMJ, to construe Article 67, UCMJ, a statutory provision adopted thirty-three years earlier, is misplaced.  "We have observed on more than one occasion that the interpretation given by one Congress (or a committee or Member thereof) to an earlier statute is of little assistance in discerning the meaning of that statute."  Public Employees Retirement Sys. v. Betts, 492 U.S. 158, 168 (1989); see also United States v. Price, 361 U.S. 304, 332 (1960) (noting the danger of using post-enactment legislative history because "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one"); Abner J. Mikva & Eric Lane, An Introduction to Statutory Interpretation and the Legislative Process 39 (1997) ("Postenactment explanations of legislative meaning would seem absolutely taboo.").

Nor is the fact that Solorio v. United States, 483 U.S. 435 (1987) originated in a Government appeal "instructive."  Lopez de Victoria, __ M.J. __  (10).  Neither the pleadings of the parties, the granted issue in that case, nor the opinion of the Supreme Court identified or raised any issue related to the procedural history in that case as it related to this Court's jurisdiction.  While the opinion addressed an important

jurisdictional theory regarding the scope of court-martial subject matter jurisdiction, there was neither discussion of nor a decision on the present jurisdictional issue.

Finally, while I agree that United States v. Tucker, 20 M.J. 52 (C.M.A. 1985), held that this Court has jurisdiction in Article 62, UCMJ, appeals to the lower court, reliance on it is misplaced.  First, the initial justification given for the finding of jurisdiction in Tucker was this Court's reliance on older cases, cases that asserted this Court was responsible for supervising all facets of military justice.  20 M.J. at 53 (citing United States v. Caprio, 12 M.J. 30, 32 (C.M.A. 1981), and United States v. Redding, 11 M.J. 100, 103-06 (C.M.A. 1981). Of course, the Supreme Court in Goldsmith rejected this view. 526 U.S. at 536 ("the CAAF is not given authority, by the All Writs Act or otherwise, to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed").  The Tucker Court did not have the Supreme Court's guidance on this point when they relied on the notion in Caprio and Redding of plenary authority over military justice.  In my view, in light of Goldsmith, these cases are too slender a reed upon which to rest jurisdiction. Moreover, the only other justification given for the Court's holding in Tucker -- that we can base jurisdiction on Congressional intent as reflected in the legislative history of

7

United States v. Lopez de Victoria, 07-6004/AR

Article 62, UCMJ, as discussed above -- does not provide a satisfying substitute for statutory jurisdiction. See supra pp. 5-6.

It is certainly plausible that the majority's reading of legislative history is correct, and that, as it asserts, the members of the Senate Committee on Armed Services of the 97th and 98th Congress intended to permit this Court to review the decisions of a CCA addressing a Government Article 62, UCMJ, appeal. And I do not disagree that, as a matter of legal policy, immediate review of an Article 62, UCMJ, appeal by this Court could be the most expeditious course of action. But congressional intent and expediency are not sufficient to confer jurisdiction, and nothing in either Article 62 or 67, UCMJ, expressly gives this Court the power to review cases in the procedural posture of this case. The Supreme Court in Goldsmith made clear that Congress must give this Court a statutory grant of authority to act. 526 U.S. at 535. There is no statutory grant of jurisdiction here, and no reason Congress cannot amend our statutorily conferred jurisdiction in order to achieve the result the majority asserts Congress and the President intended.

I respectfully dissent.