UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant JEFFREY T. ROACH
 United States Army, Appellant

 ARMY 20070355

 Headquarters, Fort Hood
 Theodore E. Dixon, Military Judge

For Appellant: Major Sean Mangan; Colonel Allen F. Bareford (on brief);
Colonel Christopher J. O’Brien, JA; Lieutenant Colonel Steven C. Henricks,
JA; Major Sean F. Mangan, JA; Major William M. Fischbach III (on motion).

For Appellee: Lieutenant Colonel Francis C. Kiley; Captain W. Todd
Kuchenthal, JA (on brief); Major Elizabeth G. Marotta, JA; Major Tami L.
Dillahunt, JA; Captain Adam S. Kazin, JA (on motion).

 5 May 2008

 ----------------------------------------------------------------
 SUMMARY DISPOSITION ON RECONSIDERATION
 ----------------------------------------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, contrary to his pleas, of indecent acts with a child in
violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934
[hereinafter UCMJ]. The convening authority approved the adjudged sentence
to a bad-conduct discharge, forfeiture of $600.00 pay per month for twelve
months, and reduction to Private E1.

 This case was originally submitted to the court under Article 66,
UCMJ, upon its merits without any assigned errors. The findings and
sentence were affirmed by this court in an opinion issued on 5 November
2007. Pursuant to Rules 13, 19, and 23 of this court’s Internal Rules of
Practice and Procedure, appellant petitioned for reconsideration of our
decision. We granted the motion on 5 May 2008, thereby vacating our 5
November 2007 decision.

 Appellant requested reconsideration based on the decision of our
superior court in United States v. Lopez de Victoria, which would
invalidate appellant’s conviction because of the expiration of the statute
of limitations for the offense for which appellant was convicted. 66 M.J.
67, 74 (C.A.A.F. 2008) (“[D]eclining to extend the reach of the 2003
amendment to Article 43, UCMJ, to cases which arose prior to the amendment
of the statute.”).

 Applying Lopez De Victoria to the case under review, the findings of
guilty and the sentence are set aside and dismissed. All rights,
privileges, and property, of which appellant has been deprived of are
ordered restored. See Article 58b(c) and 75(a), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court