# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**First Lieutenant CHRISTOPHER S. SCHLOFF**
**United States Army, Appellee**

ARMY MISC 20140708

Headquarters, Eighth Army
Wendy P. Daknis, Military Judge (arraignment & pretrial motions)
Mark A. Bridges, Military Judge (pretrial motions & trial)


For Appellee: Lieutenant Colonel Jonathan F. Potter, JA; Captain Amanda R. McNeil, JA; Mr. Philip D. Cave, Esq. (on brief).

For Appellant: Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Janae M. Lepir, JA; Captain Carrie L. Ward, JA (on brief).

Amicus Curiae:

For the Special Victim Counsel: Captain Vietlong T. Nguyen, JA (on brief).


16 December 2014

------------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

## BACKGROUND

Appellee, a physician's assistant, was charged with, inter alia, abusive sexual contact for "touching with a stethoscope the breasts of [] Sergeant [CP] by making a fraudulent representation that the sexual contact served a professional purpose," a violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 120 [hereinafter UCMJ]. Contrary to his plea, an officer panel found appellee guilty of

this specification and sentenced him to a dismissal.[1]  Immediately thereafter, the military judge dismissed that specification and charge for failure to state an offense and set aside the findings of guilty and the sentence.  The government, pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 908 and Article 62, UCMJ, appeals the decision of the military judge.

When dismissing the charge, the military judge reasoned:

> The offense of abusive sexual contact under Article 120(d) requires a sexual contact.  The definition of sexual contact, provided in Article 120(g)(2), requires the touching of another person.  Article 120(g)(2) also states that "touching may be accomplished by any part of the body."  In so providing, [C]ongress has limited the offense of abusive sexual contact to a touching in which some part of the accused's body touches the alleged victim.  With regards to Specification 2 of the Charge, the specification alleges that the accused touched SGT CP's breast with a stethoscope – not with any part of his body.  The evidence at trial was consistent with the specification, establishing only that the accused touched SGT CP's breast with a stethoscope.

> The statutory language providing that "touching may be accomplished by any part of the body" unambiguously limits a sexual contact to a touching accomplished by some part of the accused's body.

The military judge detailed further analysis and concluded:

> The determination of whether the evidence in this case is legally sufficient depends upon whether the touching required by a sexual contact can be accomplished by only a part of the body or whether objects may also be used.  If the court is correct in its interpretation that the statute limits a touching for sexual contact to those accomplished by a part of the body, then the evidence in this case would not be legally sufficient.  If a touching can be accomplished with an object, then the evidence would be legally sufficient.

---

[1] The panel acquitted appellee of two other specifications of abusive sexual contact.

## DISCUSSION

Whether a specification states an offense is a question of law we review de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). We find the touching of a person's breasts with a stethoscope can constitute the offense of abusive sexual contact as proscribed by Article 120(d), UCMJ. Therefore, we grant the government appeal and will take appropriate action in our decretal paragraph.

The issue here, as properly identified by the military judge, is the scope of the term "touching" as found within the definition of "sexual contact" in Article 120(g)(2), UCMJ. We do not share the military judge's narrow interpretation. The language of Article 120, other provisions of the UCMJ, and the plain meaning of the word all support a broader view than that of the military judge.

First, we look at the relevant term through the discrete lens of Article 120(g), UCMJ. The full statutory definition of "sexual contact" is:

> (A) touching, or causing another person to touch, either directly or through the clothing, the genitalia, anus, groin, breast, inner thigh, or buttocks of any person, with an intent to abuse, humiliate, or degrade any person; or
> (B) any touching, or causing another person to touch, either directly or through the clothing, any body part of any person, if done with an intent to arouse or gratify the sexual desire of any person.
> Touching may be accomplished by any part of the body.

The military judge initially observed "sexual contact seems to require that touching of the body part by another party['s] part, not by a stethoscope." Ultimately, the military judge decided that this conduct is limited to instances where the "accused's body touches the alleged victim." Such a conclusion—that direct body to body contact is necessary—is contradicted by the statute itself.

The statute does not require direct contact. To the contrary, it contemplates various levels of separation between the respective bodies of the perpetrator and the victim. For example, a scenario involving a perpetrator who grabs another's hand and forces that person to sexually grope a clothed victim could satisfy all elements of the definition of sexual contact although there are multiple interceding barriers between the perpetrator's body and the victim's body. One can easily imagine countless more examples involving indirect contact by objects such as gloves, condoms, sex toys, and sadomasochistic devices that could surely fit under the umbrella of "sexual contact" if all other mens rea factors were also satisfied. Accordingly, touching a victim with a stethoscope while possessing the requisite abusive or sexual intent can constitute sexual contact under Article 120(g), UCMJ.

3

Second, we look at the relevant term in the broader context of the entire statutory framework to include other punitive articles of the UCMJ. As the *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 45 labels the offenses proscribed under Article 120 as "Rape and sexual assault generally," comparison to another UCMJ article which the *MCM* also labels as "Assault" seems natural.[2] Article 128, UCMJ, criminalizes assault and battery. In the *MCM's* explanation of Article 128 offenses, the term "touching" is used when defining "bodily harm" as "any offensive touching of another, however slight." *MCM*, pt. IV, ¶ 54.c.(1)(a). Further explanation reveals that the offensive touching may be inflicted directly or indirectly. Various examples are set forth:

> Thus, battery can be committed by inflicting bodily injury on a person through striking the horse on which the person is mounted causing the horse to throw the person, as well as by striking the person directly.
>
> . . . It may be a battery to spit on another, push a third person against another, set a dog at another which bites the person, cut another's clothes while the person is wearing them though without touching or intending to touch the person, shoot a person, cause a person to take poison, or drive an automobile into a person.

*MCM*, pt. IV, ¶ 54.c.(2)(b), (c).

We find it appropriate and proper to interpret "touching" for purposes of Article 120, UCMJ, consistently with "touching" for purposes of Article 128. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 568-569 (1998) ("[W]e adopt the premise that the term should be construed, if possible, to give it a consistent meaning throughout the Act."; "[T]he Act is to be interpreted as a symmetrical and coherent regulatory scheme, one in which the operative words have a consistent meaning throughout."); *see also United States v. Kuemmerle*, 67 M.J. 141 (2009) (considering and referring to the *MCM's* explanation of the term "distribute" for purposes of drug offenses to interpret the same term for purposes of child pornography offenses). The urge for consistent interpretation between Articles 120 and 128 is bolstered by the fact the *MCM's* analysis of Article 120 mentions that several terms found in that article such as "unlawful" and "force" have been changed to align with the interpretation of those same concepts found in Article 128. *MCM*, App. 23, Analysis

---

[2] We understand "[c]atchlines or section headings such as this are not part of a statute. . . . and are available for interpretive purposes only if they can shed light on some ambiguity in the text." *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (2008) (citing *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 528-29 (1947)). We find no ambiguity whatsoever in the text in question in this case.

of Punitive Articles, ¶ 45.a at A23–15.  Accordingly, just as touching can be accomplished indirectly for purposes of battery, a touching can be accomplished indirectly for purposes of sexual battery.

Third, we rely upon the plain meaning of the relevant text.  The sentence—Touching may be accomplished by any part of the body—is unambiguously permissive and not exclusive.  UCMJ art. 120(g)(2).  We read that provision not as limiting proscribed behavior but as clarifying that these particular crimes can be committed even when contact is made by or with certain body parts that are not typically considered to be of a sexual nature.  We interpret this statute in such a manner as to focus on whether the alleged victim was touched and whether the accused caused that touching.  *See generally United States v. Goins*, 18 U.S.C.M.A. 395, 398, 40 C.M.R. 107, 110 (1969) ("The juristic norm is the protection of the bodily integrity of citizens . . . ."); *United States v. Huerta*, ARMY 20010097, 2005 CCA LEXIS 630 (Army Ct. Crim. App. 2005) (mem. op.) ("The focus of the offense of indecent assault, however, is on the violation of the personal bodily integrity of the victim . . . .").

## CONCLUSION

Here, appellee touched Sergeant CP with a stethoscope.  That touching, if done under the requisite circumstances, can constitute a sexual contact.

The appeal of the United States pursuant to Article 62, UCMJ, is granted.  The ruling of the military judge to set aside the findings of guilty and dismiss the sole remaining specification and charge is vacated and the record will be returned to the military judge for action not inconsistent with this opinion

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5