*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

────────────

### UNITED STATES
Appellee

**v.**

### Nicole A. Dalmazzi, Second Lieutenant
United States Air Force, Appellant

**No. 16-0651**

Crim. App. No. 38808

Argued December 7, 2016—Decided December 15, 2016

Military Judge: L. Martin Powell

For Appellant: *Major Johnathan D. Legg* (argued), *Brian L. Mizer,* Esq. (on brief); *Major Thomas A. Smith.*

For Appellee: *Major G. Matt Osborn* (argued); *Colonel Katherine E. Oler* and *Gerald R. Bruce,* Esq. (on brief).

Amici Curiae for Appellee: *Colonel Mark H. Sydenham, Lieutenant Colonel A. G. Courie III, Major Anne C. Hsieh, Captain Carling M. Dunham, and Captain Samuel E. Landes* (on brief)—for Army Government Appellate Division. *Colonel Valerie C. Danyluk*, USMC, *Lieutenant Commander Justin C. Henderson,* JAGC, USN, *Lieutenant James M. Belforti,* JAGC, USN, and *Brian K. Keller*, Esq. (on brief)—for Navy-Marine Corps Appellate Government Division.

Amicus Curiae in Support of Neither Party: *Brigadier General John G. Baker,* USMC, *Captain Brent G. Filbert,* JAGC, USN, and *Philip Sundel,* Esq. (on brief)—for Military Commissions Defense Organization.

────────────

PER CURIAM:

The issues presented are whether a military officer is statutorily or constitutionally prohibited from simultaneously serving as an appellate military judge on a service court of criminal appeals and as a judge on the United States Court of Military Commission Review (USCMCR). As the appellate military judge who participated in deciding Appellant's case had not yet been appointed a USCMCR judge, we hold that the case is moot as to these issues.

## I. Procedural History

A military judge sitting alone convicted Appellant, in accordance with her pleas, of wrongfully using ecstasy, a Schedule I, controlled substance. The convening authority approved the adjudged sentence: a dismissal and confinement for one month. The United States Air Force Court of Criminal Appeals (CCA) affirmed the approved findings and sentence. *United States v. Dalmazzi*, ACM No. 38808, 2016 CCA LEXIS 307, at *7–8, 2016 WL 3193181, at *3 (A.F. Ct. Crim. App. May 12, 2016).

On May 27, 2016, Appellant moved the CCA to vacate its decision because of the participation of USCMCR Judge Martin T. Mitchell on the panel. On July 11, 2016, before the CCA ruled on this motion, Appellant filed a petition for grant of review at this Court. *United States v. Dalmazzi*, 75 M.J. 399 (C.A.A.F. 2016). As a result, the CCA dismissed the motion to vacate for lack of jurisdiction.

## II. Background

In the Military Commissions Act of 2009, Pub. L. No. 111-84, div. A., tit. XVIII, § 1802, 123 Stat. 2190, 2603 (2009), Congress established the United States Court of Military Commission Review (USCMCR). 10 U.S.C. § 950f(a) (2012). As amended in 2011, Pub. L. No. 112-81, § 1034(c), 125 Stat. 1573 (2011), the USCMCR was to consist of "one or more panels, each composed of not less than three judges on the Court." 10 U.S.C. § 950f(a) (2012). The Secretary of Defense was authorized to "assign persons who are appellate military judges" to the USCMCR as "judges." § 950f(b)(2). The President was authorized to "appoint, by and with the advice and consent of the Senate, additional judges to the [USCMCR]." § 950f(b)(3).

In June 2013, the Judge Advocate General of the Air Force detailed Lieutenant Colonel Martin T. Mitchell to serve as an appellate military judge on the CCA. Judge Mitchell was promoted to the rank of colonel in June 2014. The Secretary of Defense assigned Colonel Mitchell to be a judge on the USCMCR on October 28, 2014.

In *In re Al-Nashiri*, the U.S. Court of Appeals for the District of Columbia Circuit expressed concern over whether

judges on the USCMCR were principal officers, in which case the assignment of appellate military judges to that position by the Secretary of Defense would violate the Appointments Clause of the Constitution. 791 F.3d 71, 82 (D.C. Cir. 2015) (citing U.S. Const. art. II, § 2, cl. 2). The court suggested that "the President and the Senate could decide to put to rest any Appointments Clause questions regarding the [US]CMCR's military judges by … re-nominating and re-confirming the military judges to be [*US*]*CMCR judges*." *Id.* at 86.

Apparently in response to *In re al-Nashiri*, the President nominated Colonel Mitchell for appointment as an appellate military judge on the USCMCR. The Senate received the President's nomination on March 14, 2016. 162 Cong. Rec. S1474 (daily ed. Mar. 14, 2016). The Senate gave its advice and consent to the appointment of Martin T. Mitchell as colonel on April 28, 2016. 162 Cong. Rec. S2600 (daily ed. Apr. 28, 2016). Colonel Mitchell took the oath of office of "Appellate Judge" of the USCMCR on May 2, 2016. On May 25, 2016, President Obama signed Colonel Mitchell's commission appointing him to be "an Appellate Military Judge of the United States Court of Military Commission Review."

Judge Mitchell was one of three appellate military judges to participate in the Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012), review of Appellant's court-martial. The CCA's opinion was issued on May 12, 2016, ten days after Colonel Mitchell took the oath of office as a USCMCR appellate judge but two weeks before the President signed his commission.

Appellant asserts that: (1) as a USCMCR judge, Colonel Mitchell was prohibited by 10 U.S.C. § 973(b)(2)(A)(ii) from sitting on the CCA; and (2) his service on both the USCMCR and the CCA violated the Appointments Clause of the Constitution.

### III. Discussion

The Appointments Clause of the Constitution provides that:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls,

> Judges of the [S]upreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2. Thus, three separate actions are required for the President to appoint an "additional judge" to the USCMCR under the terms of 10 U.S.C. § 950f: (1) the President nominates a person for the position and sends his name to the Senate for confirmation; (2) the Senate confirms the nominee; and (3) the President appoints the confirmed nominee to the position.

Normally, the President signs a commission as evidence of the appointment. But

> if an appointment was to be evidenced by any public act, other than the commission, the performance of such public act would create the officer; and if he was not removable at the will of the President, would either give him a right to his commission, or enable him to perform the duties without it.

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 156 (1803). While not necessary for the appointment, the commission is "conclusive evidence of it." *Id.* at 157. Before the issuance of the commission, the President is free to change his mind and not make the appointment; afterwards, he is not. *See Dysart v. United States*, 369 F.3d 1303, 1311 (Fed. Cir. 2004).

Appellant argues that actions Colonel Mitchell took as a judge on the USCMCR before the President issued the commission were public acts that evidenced his appointment. We disagree. It is the President who must perform some public act that evinces the appointment, not the purported appointee. *See, e.g.*, *Dysart*, 369 F.3d at 1306, 1312. Other than the commission, issued on May 25, 2016, there is no evidence that the President appointed Colonel Mitchell to the USCMCR. Therefore, that is the date of his presidential appointment as judge to the USCMCR.

As Colonel Mitchell had not yet been appointed a judge of the USCMCR at the time the judgment in Appellant's case was released, the case is moot as to these issues.

## IV. Judgment

The order of August 18, 2016, granting review is hereby vacated, and Appellant's petition for grant of review is denied.