*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Keanu D. W. ORTIZ, Airman First Class
United States Air Force, Appellant

**No. 16-0671**

Crim. App. No. 38839

Argued February 7, 2017—Decided April 17, 2017

Military Judge: L. Martin Powell

For Appellant: *Major Lauren A. Shure* (argued); *Major Johnathan D. Legg* and *Brian L. Mizer,* Esq. (on brief).

For Appellee: *Major G. Matt Osborn* (argued); *Colonel Katherine E. Oler* and *Gerald R. Bruce,* Esq. (on brief).

Amici Curiae for Appellee: *Colonel Mark H. Sydenham, Lieutenant Colonel A. G. Courie III, and Major Anne C. Hsieh* (on brief)—for Army Government Appellate Division. *Colonel Valerie C. Danyluk*, USMC, *Lieutenant Commander Justin C. Henderson,* JAGC, USN, *Lieutenant James M. Belforti,* JAGC, USN, and *Brian K. Keller*, Esq. (on brief)—for Navy-Marine Corps Appellate Government Division.

Amicus Curiae in Support of Neither Party: *Philip Sundel,* Esq. (argued); *Brigadier General John G. Baker,* USMC, and *Captain Brent G. Filbert,* JAGC, USN (on brief)—for Military Commissions Defense Organization.

Judge STUCKY delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges RYAN, OHLSON, and SPARKS, joined.

———————

Judge STUCKY delivered the opinion of the Court.

While he was serving as a judge on the United States Court of Military Commission Review (USCMCR), under an appointment by the President with the advice and consent of the Senate, Colonel Martin T. Mitchell simultaneously served as an appellate military judge on the panel of the United States Air Force Court of Criminal Appeals (CCA)

that reviewed Appellant's case. We granted review of two issues: (1) whether his simultaneous service on the two courts violated the Appointments Clause of the Constitution; and (2) whether he was statutorily barred from sitting on the CCA. We specified an additional issue, asking whether Colonel Mitchell's appointment to the USCMCR made him a principal officer in light of 10 U.S.C. § 949b(4)(C), (D) (2012), which authorize the Secretary of Defense to reassign or withdraw appellate military judges from the USCMCR.

We hold that Appellant is not entitled to relief because the applicable statute, 10 U.S.C. § 973(b) (2012), does not by its terms terminate Colonel Mitchell's position as an appellate military judge on the CCA, and because, in any event, the statute saves Colonel Mitchell's actions in Appellant's case. We further hold that Colonel Mitchell's status as regards the CCA does not violate the Constitution's Appointments Clause. U.S. Const. art. II, § 2, cl. 2. In light of these holdings, we need not answer the specified issue.

## I. Procedural History

A military judge sitting alone convicted Appellant, consistent with his pleas, of knowingly and wrongfully viewing, possessing, and distributing child pornography. Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). The convening authority approved the adjudged sentence: a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The CCA affirmed in a summary disposition. *United States v. Ortiz*, No. 38839, 2016 CCA LEXIS 337, 2016 WL 3681307 (A.F. Ct. Crim. App. June 1, 2016).

## II. Background

In the Military Commissions Act of 2009, Pub. L. No. 111-84, div. A., tit. XVIII, § 1802, 123 Stat. 2190, 2603 (2009), Congress established the United States Court of Military Commission Review (USCMCR). 10 U.S.C. § 950f(a) (2012). As amended in 2011, Pub. L. No. 112-81, § 1034(c), 125 Stat. 1573 (2011), the USCMCR was to consist of "one or more panels, each composed of not less than three judges on the Court." 10 U.S.C. § 950f(a) (2012). The Secretary of Defense was authorized to "*assign* persons who are appellate military judges" to the

USCMCR as "judges." § 950f(b)(2) [(emphasis added)]. The President was authorized to "*appoint*, by and with the advice and consent of the Senate, additional judges to the [USCMCR] [(immediately preceding bracketed interpolation in original)]." § 950f(b)(3) [(emphasis added)].

In June 2013, the Judge Advocate General of the Air Force detailed Lieutenant Colonel Martin T. Mitchell to serve as an appellate military judge on the CCA. Judge Mitchell was promoted to the rank of colonel in June 2014. The Secretary of Defense assigned Colonel Mitchell to be a judge on the USCMCR on October 28, 2014.

In *In re Al-Nashiri*, the U.S. Court of Appeals for the District of Columbia Circuit, while not deciding the question, expressed concern over whether judges on the USCMCR were principal officers, in which case the assignment of appellate military judges to that position by the Secretary of Defense would violate the Appointments Clause of the Constitution. 791 F.3d 71, 82 (D.C. Cir. 2015) (citing U.S. Const. art. II, § 2, cl. 2). In a rather surprising aside, the court suggested that "the President and the Senate could decide to put to rest any Appointments Clause questions regarding the [US]CMCR's military judges by … re-nominating and re-confirming the military judges to be [*US*]*CMCR judges*." *Id.* at 86[ (interpolations and emphasis in original)].

Apparently in response to *In re al-Nashiri*, the President nominated Colonel Mitchell for appointment as an *appellate military judge* on the USCMCR. [(Emphasis added.)] The Senate received the President's nomination on March 14, 2016. 162 Cong. Rec. S1474 (daily ed. Mar. 14, 2016). The Senate gave its advice and consent to the appointment of Martin T. Mitchell as colonel on April 28, 2016. 162 Cong. Rec. S2600 (daily ed. Apr. 28, 2016). Colonel Mitchell took the oath of office of "Appellate Judge" of the USCMCR on May 2, 2016. On May 25, 2016, President Obama signed Colonel Mitchell's commission appointing him to be "an Appellate Military Judge of the United States Court of Military Commission Review."

*United States v. Dalmazzi*, 76 M.J. 1, 2 (C.A.A.F. 2016).

Judge Mitchell was one of three appellate military judges to participate in the Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012), review of Appellant's case. Unlike in *Dalmazzi*, however, the CCA's opinion in Appellant's case was issued after the President appointed Colonel Mitchell to the USCMCR, and so the issues are not moot. *See* 76 M.J. at 3.

### III. Statutory Issue

The first assigned issue is:

> Whether United States Court of Military Commission Review Judge, Martin T. Mitchell, is statutorily authorized to sit as one of the Air Force Court of Criminal Appeals judges on the panel that decided Appellant's case.

Appellant contends that the position of judge on the USCMCR is a civil office, that by accepting such a position Colonel Mitchell's commission as a regular Air Force officer was terminated as a matter of law, and that the UCMJ does not authorize the Judge Advocates General to assign as judges to the Courts of Criminal Appeals those who have been appointed as judges of the USCMCR.

A regular officer of an armed force on the active duty list may not, "[e]xcept as otherwise authorized by law, … hold, or exercise the functions of, a civil office in the Government of the United States … (ii) that requires an appointment by the President by and with the advice and consent of the Senate." 10 U.S.C. § 973(b)(2)(A) (2012).

From its enactment in 1870, the statute provided that "any such officer accepting or exercising the functions of a civil office shall at once cease to be an officer of the army, and his commission shall be vacated thereby." Act of July 15, 1870, ch. 294, § 18, 16 Stat. 319. *See also* R.S. tit. xiv, ch. 1, § 1222 (2d ed. 1878). That statute was replaced in 1968, with one that stated the "acceptance of such a civil office or the exercise of its functions by such an officer terminated his military appointment." Pub. L. No. 90-235, § 4, 81 Stat. 753, 759 (1968). The statute was substantially amended in 1983. Pub. L. No. 98-94, tit. X, pt. A, § 1002, 97 Stat. 614, 655 (1983). The language automatically terminating the officer's military appointment was repealed and a savings clause was added: "Nothing in this subsection shall be construed to in-

validate any action undertaken by an officer in furtherance of assigned official duties." 10 U.S.C. § 973(b)(5). However, the fundamental prohibition on the holding of a civil office was retained. 10 U.S.C. § 973(b)(2)(A).

We decide questions of statutory construction de novo. *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015). From the earliest times, we have held to the "plain meaning" method of statutory interpretation. Under that method, if a statute is unambiguous, the plain meaning of the words will control, so long as that meaning does not lead to an absurd result. *United States v. Kearns*, 73 M.J. 177, 181 (C.A.A.F. 2014); *United States v. King*, 71 M.J. 50, 52 (C.A.A.F. 2012); *United States v. Graham*, 16 M.J. 460, 462–66 (C.M.A. 1983); *United States v. Dickerson*, 6 C.M.A. 438, 449–50, 20 C.M.R. 154, 165–66 (1955). The essential question underlying the first assigned issue is whether Judge Mitchell's appointment to the USCMCR terminated his military commission and thereby nullified his participation in any case at the CCA. We hold that it did not.

The 1983 amendments to the statute were occasioned by an opinion of the Justice Department's Office of Legal Counsel, which opined that the longstanding practice of appointing military judge advocates as Special Assistant U.S. Attorneys violated § 973.[1]

While there is much that is unsettled about this situation, the aim of the statute is clear. The evil sought to be protected against is the unauthorized holding of civil office by officers of the armed forces on active duty, which is thought to threaten "civilian supremacy in the conduct of governmental affairs." S. Rep. No. 98-174, at 232 (1983), *as reprinted in* 1983 U.S.C.C.A.N. 1081, 1122. Thus, the prohibitions in the statute are aimed at the holding of "civil office" (here, civil office requiring presidential appointment with Senate advice and consent) rather than the performance of assigned military duty. Section 973 might prohibit Judge

---

[1] The report language on the provision does not go beyond that situation. S. Rep. No. 98-174, at 232–34 (1983), *as reprinted in* 1983 U.S.C.C.A.N. 1081, 1122–24. However, in view of the unambiguous nature of the statutory language, resort to legislative history is unnecessary.

Mitchell from holding office at the USCMCR—a question that is not before us—but nothing in the text suggests that it prohibits Judge Mitchell from carrying out his assigned military duties at the CCA. The wording of the savings clause at subsection (b)(5), "Nothing in this subsection shall be construed to invalidate any action taken by an officer in furtherance of assigned official duties" comports with this interpretation, and applies by its terms to Judge Mitchell's assigned official duties at the CCA.

Contrary to Appellant's argument, the current statute neither requires the retirement or discharge of a service member who occupies a prohibited civil office, nor operates to automatically effectuate such termination. The language supporting Appellant's argument was expressly repealed over thirty years ago. Accordingly, Judge Mitchell's military commission, and therefore, his service on the CCA, was unaffected by his appointment to the USCMCR.

## IV. Appointments Clause

The second assigned issue is as follows:

> Whether Judge Martin T. Mitchell's service on both the Air Force Court of Criminal Appeals and the United States Court of Military Commission Review violates the Appointments Clause given his status as a principal officer of the United States Court of Military Commission Review.

The Appointments Clause of the Constitution provides that the President:

> shall nominate, and by and with the Advice and Consent of the Senate, shall appoint … all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

U.S. Const. art. II, § 2, cl. 2.

Appellant alleges that Congress intended to establish the USCMCR as an independent Article I court and protected its judges from removal other than for cause. He then argues that assigning a principal officer appointed to the USCMCR

with advice and consent to a CCA with inferior officers violates the Appointments Clause. This is because mixing principal and inferior officers on a CCA allows the Judge Advocates General to "exercise an indirect veto" over the principal officers on the CCA. The CCA, according to this argument, can be "packed" by the assignment of military officers and the appointment of a chief judge.[2] Article 66, asserts Appellant, "is being implemented in a way that puts military officers, and by extension the Judge Advocate General, in the position to exercise a formal supervisory authority over the lone principal officer on the CCA."

The problem with this argument is that it presumes that Colonel Mitchell's status as a principal officer on the USCMCR somehow carries over to the CCA, and invests him with authority or status not held by ordinary CCA judges. That is not the case. One is a principal or an inferior officer by virtue of appointment and exercise of the duties of the office. When Colonel Mitchell sits as a CCA judge, he is no different from any other CCA judge under Article 66. The Judge Advocate General's administrative supervision of the CCA is limited even as to the CCA, *see Edmond v. United States*, 520 U.S. 651, 664 (1997), and has no authority or effect on the judicial or administrative functions of the USCMCR. The scheme devised by Congress and the Executive is not illogical in a situation in which service as a USCMCR judge is perforce a part-time activity. *See In re Khadr*, 823 F.3d 92, 96 (D.C. Cir. 2016) (stating that the USCMCR "is an unusual court in that its caseload depends on the number of military commission proceedings appealed to it. At any given time, therefore, the Court's judges may have very little to do"). Just as military officers on active du-

---

[2] The brief asserts that, unless appointed by the President with advice and consent, CCA judges must be military officers. It cites *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014) for that proposition. That is not what *Janssen* held. The case held that civilians appointed to the CCAs must be appointed in one of the methods set out in the Appointments Clause *for inferior officers*. In the case of the appointment at issue in *Janssen*, there was no statutory authority for such appointment. The lack of such authority was the reason for requiring the default method of presidential appointment with advice and consent to be used.

ty hold three- and four-star ranks only while assigned to billets carrying those ranks, *see* 10 U.S.C. § 601 (2012), so Colonel Mitchell and the others similarly placed enjoy the perquisites of office only while exercising the functions of the office. We see no Appointments Clause problem from the point of view of Colonel Mitchell's exercising the functions of an appellate military judge under Article 66.

It is important to note what we need not and do not decide here. First, we decide no statutory issue beyond that set out above. We do not decide whether the USCMCR is a prohibited civil office or whether it is "authorized by law" according to § 973. On the statutory issue, we simply hold that § 973 does not operate to invalidate the actions military officers appointed to civil office take in furtherance of their military duties or to require the retirement or discharge of these officers. The prohibition in § 973(b)(2)(A)(ii) may indeed affect Colonel Mitchell's status as a judge of the USCMCR, but that is not for us to decide.

Second, we decide no issue under the Constitution's Appointments Clause beyond that treated above. We intimate no opinion as to the jurisdiction, functions, or operation of the USCMCR, or Colonel Mitchell's membership on it. By virtue of his presidential appointment to the USCMCR, Colonel Mitchell may well be a principal officer; certainly, the Executive's response to *al-Nashiri* would seem to indicate an executive intent to treat these appointees as principal officers, but that is a question for another day, as are any Appointments Clause questions pertaining to the USCMCR in its earlier incarnation.

Finally, we need not decide the specified issue, which again goes to Colonel Mitchell's status as a principal officer vel non on the USCMCR.

### V. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.