IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| Shane E. Reese<br>Aviation Maintenance Technician<br>First Class (E-6)<br>U.S. Coast Guard,<br>　　　Petitioner<br><br>v.<br><br>United States,<br>　　　Respondent | 4 May 2018<br><br><br>PETITION FOR WRIT OF ERROR<br>*CORAM NOBIS*, FILED 20 APRIL 2018<br><br>MISC. DOCKET NO. 001-18<br><br>ORDER<br><br>BEFORE MCCLELLAND, BRUCE &<br>BRUBAKER |

BRUBAKER, Judge:

Petitioner seeks a writ of error *coram nobis* premised on his counsel's failure to file a timely petition for review with the United States Court of Appeals for the Armed Forces (CAAF). While this error, if true, is of a fundamental character, he fails to establish that relief from this court is appropriate.

*Background*

Petitioner was convicted in 2014 by a general court-martial of three specifications of false official statements; four specifications of wrongful use, possession, or distribution of marijuana; one specification of sexual abuse of a child; and one specification of conduct of a nature to bring discredit upon the armed forces, in violation of Articles 107, 112a, 120b, and 134, Uniform Code of Military Justice (UCMJ). The Convening Authority approved the adjudged sentence of confinement for five years, reduction to E-1, and a dishonorable discharge.

On our first review, we affirmed the findings and sentence. *United States v. Reese*, No. 1422, slip op. at 7 (C.G. Ct. Crim. App. Aug. 22, 2016) (unpub.) (*Reese I*). Reviewing our decision, however, the CAAF reversed our decision as to the findings of guilty to the specifications under Article 120b and Article 134 and the sentence. It dismissed those two specifications, affirmed the remainder, and remanded the case to us "to either reassess the sentence based on the affirmed findings or order a sentence rehearing." *United States v. Reese*, 76 M.J.

1

297, 303 (C.A.A.F. 2017) (*Reese II*). On our second review, we concluded we were able to reassess the sentence and affirmed only so much as included confinement for three months, reduction to E-1, and a bad-conduct discharge. *United States v. Reese*, No. 1422, slip op. at 3 (C.G. Ct. Crim. App. Jul. 20, 2017) (unpub.) (*Reese III*).

*Reese III* became final when, on 18 September 2017, Petitioner's opportunity to file a petition for review by the CAAF expired without a petition being filed. Articles 67(b) and 76, UCMJ. On 23 February 2018, Petitioner, through new appellate counsel, filed a motion for this court to reconsider our decision in *Reese III*, which we denied. Petitioner then filed a motion for *en banc* reconsideration, which we again denied.

Petitioner now asks that we issue a writ of error *coram nobis* to set aside his reassessed sentence and remand for a sentence rehearing or, in the alternative, set aside the bad-conduct discharge. He bases this on alleged ineffective assistance of appellate counsel when, contrary to his stated desires, they failed to file a timely petition for review with the CAAF. He also requests oral argument.

*Law*

"A writ of error *coram nobis* requests the court that imposed the judgment to consider exceptional circumstances, such as new facts or legal developments, that may change the result." *Denedo v. United States*, 66 M.J. 114, 125 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009). "Because *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *United States v. Denedo*, 556 U.S. 904, 912–13 (2009).

While a *coram nobis* petition "may be filed at any time without limitation," the petitioner:

> must meet stringent threshold requirements: (1) the alleged error is of the most fundamental character; (2) no remedy other than *coram nobis* is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo*, 66 M.J. at 126.

2

*Application*

The alleged error—failure to file a timely petition for review contrary to Petitioner's express instructions—is of a fundamental character. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). But that error occurred after our action on the case was complete, did not impact our decision, and is not one we can correct. The New York Court of Appeals has expressed "that the natural venue for *coram nobis* review of ineffective assistance of appellate counsel claims is in the appellate tribunal where the allegedly deficient representation occurred." *People v. Bachert*, 69 N.Y.2d 593, 599 (1987), *superseded by statute*, N.Y. Crim. Proc. Law § 460.30 (McKinney). We agree and note that Petitioner does not allege any deficient representation before *this* court, instead averring he was left "wholly unrepresented before *the CAAF* when his appellate counsel failed to file a petition with the CAAF . . . ." (Petitioner's Brief at 9 (emphasis added).)

*Vis á vis* this court, Petitioner fails to meet the fifth threshold requirement for *coram nobis*: he presents no new information that would change our analysis regarding sentence reassessment and instead asks us to reevaluate evidence and legal issues already considered. We adhere to our decision in *Reese III* and deny relief.

It is, by the Court, this 4th day of May, 2018,

ORDERED:

1. That the motion for oral argument is denied.

2. That the petition for a writ of error *coram nobis* is denied.



For the Court,

Shelia R. O'Reilly
Clerk of the Court

Copy: Appellate Government Counsel
        Appellate Defense Counsel
        Office of Military Justice

3