*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Michael J. D. BRIGGS, Lieutenant Colonel
United States Air Force, Appellant

**No. 16-0711**

Crim. App. No. 38370

Argued December 4, 2018—Decided February 22, 2019

Military Judges: Dawn R. Eflein (arraignment) and
Donald R. Eller (trial)

For Appellant: *Stephen I. Vladeck,* Esq. (argued); *Major Johnathan D. Legg* and *Terri R. Zimmermann*, Esq. (on brief).

For Appellee: *Mary Ellen Payne*, Esq. (argued); *Lieutenant Colonel Joseph Kubler* (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges RYAN, OHLSON, and SPARKS, joined.

———————

Judge MAGGS delivered the opinion of the Court.

In 2014, a general court-martial composed of a military judge alone found Appellant guilty, contrary to his plea, of one charge and one specification of rape in violation of Article 120(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(a) (2000), for conduct that occurred in 2005. For reasons set out below, we conclude that the applicable statute of limitations requires the finding and sentence to be set aside and the charge and specification to be dismissed.

## I. Factual and Procedural Background

In May 2005, Appellant was a Captain and an F-16 instructor pilot. Airman First Class (A1C) DK was assigned to the aircrew life support equipment section of Appellant's squadron. Following an evening of heavy drinking at or near Mountain Home Air Force Base in Colorado, Appellant went

to A1C DK's room and forced her to have sex with him even though she said "no" and "stop" and tried to roll away. A1C DK did not immediately report the incident to law enforcement authorities, but she did tell others about it.

Both Appellant and A1C DK remained in the Air Force after their 2005 encounter. By July 2013, Appellant had become a Lieutenant Colonel, and DK had become a Staff Sergeant (SSgt). SSgt DK telephoned Appellant to discuss the incident. Without Appellant's knowledge, SSgt DK recorded their conversation. During the telephone call, Appellant acknowledged his misconduct. He specifically told SSgt DK: "I will always be sorry for raping you."

The recording of the telephone call and other information led to the preparation of a sworn charge and specification of rape, which was received by the summary court-martial convening authority on February 18, 2014, more than eight years after the rape occurred.[1] The case was subsequently referred to a general court-martial. Appellant did not raise the statute of limitations before or during the trial, and the military judge did not advise Appellant that the statute of limitations might provide a basis for dismissing the charge and specification.[2] Contrary to his plea, the military judge found Appellant guilty of the charge and specification and sentenced him to a dismissal, confinement for five months, and a reprimand. The convening authority approved the sentence as adjudged.

Appellant first attempted to raise the statute of limitations when he appealed to the United States Air Force Court of Criminal Appeals (AFCCA). After initially asserting several unrelated assignments of error, Appellant sought leave to file a supplemental assignment of error asserting

---

[1] For offenses that have a period of limitations, the accused has a defense if the period of limitations expires before the "receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command." Article 43(b)(1), (2)(A), 10 U.S.C. §§ 843(b)(1), (2)(A).

[2] As discussed further below, Rule for Courts-Martial (R.C.M.) 907(b)(2)(B) requires the military judge to inform the accused of the right to assert the statute of limitations as a defense "if it appears that the accused is unaware of [this] right."

the statute of limitations. The AFCCA, however, denied leave to file the supplemental assignment of error because Appellant had not raised the statute of limitations at trial. The AFCCA subsequently rejected Appellant's other assignments of error and affirmed the adjudged and approved findings and sentence. *United States v. Briggs*, No. ACM 38730, 2016 CCA LEXIS 385, 2016 WL 3682568 (A.F. Ct. Crim. App. June 23, 2016).

Appellant then filed a petition for grant of review in this Court. The assignments of error in the petition's supplement did not address the statute of limitations, but pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant personally asserted that his trial counsel was ineffective for failing to raise and litigate a statute of limitations defense. We granted review of one assignment of error concerning the judicial composition of the AFCCA. *United States v. Briggs*, 75 M.J. 467 (C.A.A.F. 2016). We denied review of the ineffective assistance of counsel issue concerning counsel's failure to raise the statute of limitations. *United States v. Briggs*, 76 M.J. 36 (C.A.A.F. 2016). We then affirmed the decision of the AFCCA by summary disposition.[3] *United States v. Briggs*, 76 M.J. 338 (C.A.A.F. 2017).

Appellant next petitioned the Supreme Court of the United States for a writ of certiorari. The Supreme Court initially denied Appellant's petition along with others presenting the judicial composition issue. *Abdirahman v. United States*, 138 S. Ct. 2702 (2018) (mem.). But on reconsideration, the Supreme Court granted the petition as to Appellant, vacated our judgment affirming the AFCCA, and remanded the case to us for further consideration in light of our decision in *United States v. Mangahas,* 77 M.J. 220 (C.A.A.F. 2018). *Abdirahman v. United* States, 139 S. Ct. 38 (2018).

---

[3] Appellant contended that one judge on the AFCCA was disqualified because he was also assigned as a judge on the United States Court of Military Commission Review. We rejected the argument because we previously had rejected the same argument in *United States v. Ortiz*, 76 M.J. 189 (C.A.A.F. 2017). The Supreme Court subsequently affirmed our judgment. *United States v. Ortiz*, 138 S. Ct. 2165 (2018).

*Mangahas* is a case concerning the statute of limitations for rape that we decided while Appellant's petition for certiorari was pending. In *Mangahas*, we corrected our interpretation of the version of Article 43(a), UCMJ, 10 U.S.C. § 843(a), that was in force from 1986 until 2006. 77 M.J. at 222. That version of Article 43(a), UCMJ, provided that "any offense punishable by death, may be tried and punished at any time without limitation." 10 U.S.C. § 843(a) (1994). Two precedents of this Court, *United States v. Stebbins*, 61 M.J. 366, 369 (C.A.A.F. 2005), and *Willenbring v. Neurauter*, 48 M.J. 152, 178 (C.A.A.F. 1998), had interpreted this language to mean that the offense of rape did not have a period of limitations because at the time those cases were decided, Article 120(a), UCMJ, provided that rape may "be punished by death or such other punishment as a court-martial may direct." In *Stebbins* and *Willenbring*, we recognized that the Supreme Court had earlier held in *Coker v. Georgia*, 433 U.S. 584, 598 (1977), that imposing capital punishment for the offense of rape of an adult woman would violate the Eighth Amendment of the United States Constitution. *Stebbins,* 61 M.J. at 369; *Willenbring*, 48 M.J. at 178. But in both cases we concluded that the *Coker* decision did not affect the application of Article 43(a) to the offense of rape as defined in Article 120(a). *Stebbins,* 61 M.J. at 369; *Willenbring*, 48 M.J. at 178. In *Mangahas*, however, we reconsidered this view because there is, in fact, no set of circumstances under which anyone could constitutionally be punished by death for the rape of an adult woman. 77 M.J. at 223−24. Accordingly, we overruled *Stebbins* and *Willenbring* to the extent that they held that rape was punishable by death at the time of the charged offenses. *Id.* at 222. We then concluded that the period of limitations for rape of an adult woman under the version of Article 43(a), UCMJ, in force from 1986 until 2006, was five years. *Id.*

Reconsidering Appellant's statute of limitation defense in light of *Mangahas* in this remand also requires us to address whether a 2006 amendment to Article 43, UCMJ, made by the National Defense Authorization Act for Fiscal Year 2006 (NDAA FY 2006), Pub. L. No. 109-163, §§ 552−53, 119 Stat. 3136, 3264 (2006), applies to an offense that occurred before its enactment. The relevant amendment, as discussed

further below, provides that the offense of rape "may be tried and punished at any time without limitation." Article 43(a), UCMJ, 10 U.S.C. § 843(a) (2012) (as amended by NDAA FY 2006 § 553). The Court in *Mangahas* noted the existence of the 2006 amendment to Article 43, UCMJ, but concluded that the amendment did not affect the issues before it. *See generally Mangahas*, 77 M.J. at 222 n.2.[4] To determine the effect, if any, of the 2006 amendment to Article 43, UCMJ, on this case, we asked the parties to brief and argue two issues:

> I. DOES THE 2006 AMENDMENT TO ARTICLE 43, UCMJ, CLARIFYING THAT RAPE IS AN OFFENSE WITH NO STATUTE OF LIMITATIONS, APPLY RETROACTIVELY TO OFFENSES COMMITTED BEFORE ENACTMENT OF THE AMENDMENT BUT FOR WHICH THE THEN EXTANT STATUTE OF LIMITATIONS HAD NOT EXPIRED?
>
> II. CAN APPELLANT SUCCESSFULLY RAISE A STATUTE OF LIMITATIONS DEFENSE FOR THE FIRST TIME ON APPEAL?

*United States v. Briggs*, 78 M.J. 106 (C.A.A.F. 2018). We turn now to these issues.

## II. Effect of the 2006 Amendment to Article 43, UCMJ

In light of our decision in *Mangahas*, the parties agree that the version of Article 43, UCMJ, that existed at the time of Appellant's charged offense in 2005 established a five-year period of limitations. They further agree that, if Congress had not amended Article 43, UCMJ, in 2006, the period of limitations would have run in 2010, long before the charges in this case were received by the convening authority in 2014. What they disagree about is whether the 2006 amendment to Article 43, UCMJ, applies retroactively to a rape that occurred in 2005, thereby eliminating the statute of limitations for that offense. In other words, if the

---

[4] In *Mangahas*, the statute of limitations had run prior to the enactment of the 2006 amendment. The Supreme Court has held that applying a new statute of limitations to revive a previously time-barred prosecution violates the Constitution's *Ex Post Facto* Clause. *Stogner v. California*, 539 U.S. 607, 610 (2003). The 2006 amendment therefore could not apply to the case.

2006 amendment does not apply retroactively, the finding of guilt in this case should be set aside and the charge and specification of this case should be dismissed. But if the 2006 amendment does apply retroactively, the conviction may stand.

The relevant portion of the 2006 amendment is as follows:

> SEC. 553. EXTENSION OF STATUTE OF LIMITATIONS FOR MURDER, RAPE, AND CHILD ABUSE OFFENSES UNDER THE UNIFORM CODE OF MILITARY JUSTICE.
>
> (a) NO LIMITATION FOR MURDER OR RAPE.— Subsection (a) of section 843 of title 10, United States Code (article 43 of the Uniform Code of Military Justice), is amended by striking "or with any offense punishable by death" and inserting "with murder or rape, or with any other offense punishable by death".

NDAA FY 2006 § 553(a).

Appellant contends that the 2006 amendment applies only to conduct occurring after its enactment, and that the period of limitations applicable to his conduct is five years based on the statute of limitations in effect when the rape occurred. The Government takes the opposite position, asserting that the 2006 amendment applies and permits Appellant to be tried and punished for a rape that occurred in 2005, before the enactment of the 2006 amendment.

We generally apply the statute of limitations that was in effect at the time of the offense. *Mangahas*, 77 M.J. at 222 (citing *Toussie v. United States*, 397 U.S. 112, 115 (1970)). We generally presume that subsequent amendments do not apply because there is both a presumption against retroactive legislation, *see INS v. St. Cyr*, 533 U.S. 289, 316 (2001), and a presumption in favor of repose, *United States v. Habig*, 390 U.S. 222, 227 (1968). The Supreme Court, moreover, has instructed that "congressional enactments . . . will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hospital*, 488 U.S. 204, 208 (1988).

We followed these principles in *United States v. Lopez de Victoria*, 66 M.J. 67, 73−74 (C.A.A.F. 2008). In that case, the accused was charged in 2006 with committing indecent acts with a child between 1998 and 1999. *Id.* at 68. At the time of the offense, the period of limitations for this offense under Article 43(b), UCMJ, was five years. *Id.* at 71. But in 2003, Congress amended Article 43(b), UCMJ, establishing a new period of limitations for indecent liberties with a child that expires when the child turns twenty-five years old. *Id.* at 72 (citing Article 43(b)(2)(A), UCMJ, 10 U.S.C. § 843(b)(2)(A)). The question was whether the amended statute of limitations governed the case. We concluded that the 2003 amendment did not apply based on the general presumption against retroactive legislation, the general presumption in favor of liberal construction of criminal statutes of limitation in favor of repose, and the absence of any indication of congressional intent to apply the 2003 amendment retrospectively. *Id.* at 74.

Appellant argues that we should apply the same analysis to this case that we applied in *Lopez de Victoria* and that we should similarly conclude that the 2006 amendment to Article 43, UCMJ, does not apply to his case. We agree. The presumption against retroactive legislation and the presumption in favor of liberal construction of criminal statutes of limitation in favor of repose apply with equal force because we see nothing in the text of the 2006 amendment that indicates that the amendment should have a retroactive effect. Section 553(a) does not distinguish between offenses that have already occurred and those that have not and does not specify an effective date. In *Lopez de Victoria*, we concluded that similar silence in the text of the 2003 amendment was ineffective to overcome the presumption against retroactivity and the presumption in favor of repose. *Id.* at 73–74.

To the extent that legislative history might be relevant,[5] we also see nothing that indicates any intention for the 2006

---

[5] We considered legislative history in *Lopez de Victoria*, 66 M.J. at 73. Since that decision, the Supreme Court has explained that "legislative history is not the law" and that courts "do not inquire what the legislature meant" but instead "ask only what the statute means." *Epic Systems Corp. v. Lewis,* 138 S. Ct. 1612, 1631 (2018) (internal quotation marks omitted) (citations omitted). In

amendment to apply retroactively. The NDAA FY 2006 was introduced in Congress in 2005 as H.R. 1815. No version of this bill as it worked its way through the House and Senate contained any provision indicating that the amendment would apply retroactively. *See* National Defense Authorization Act for Fiscal Year 2006, H.R. 1815, 109th Cong. (2005), https://www.congress.gov/bill/109th-congress/house-bill/1815/text (providing the text of H.R. 1815 as introduced, reported, and engrossed in the House, as referred and engrossed in the Senate, and as an enrolled bill). The discussions of the amendment in the House Report and the Conference Report also say nothing about retroactivity. *See* H.R. Rep. No. 109-89, at 314, 342 (2005) (House Report); H.R. No. 109-360, at 703 (2005) (Conference Report). In *Lopez de Victoria*, we recognized a similar absence of evidence in the legislative history as a key factor in concluding that the 2003 amendment did not establish the period of limitations for offenses that had already occurred. 66 M.J. at 73.

The Government, however, argues that Congress intended the 2006 amendment to apply retroactively because the context of the 2006 amendment is different from the context of the 2003 amendment that we considered in *Lopez de Victoria*. In 2003, Congress clearly intended to change the period of limitations applicable to the offense of indecent liberties. But in 2006, the *Stebbins* and *Willenbring* precedents had established that rape had no period of limitations. Thus, according to the Government, Congress must have believed that it was merely codifying this Court's precedent, not changing the law. In such circumstances, the Government asserts, Congress would have intended to maintain the status quo and would have wanted the amendment to apply to offenses occurring both before and after the effective date of the amendment.

We reject this argument for two reasons urged by Appellant. First, the 2006 amendment to Article 43(a), UCMJ,

the matter before us, however, no party has asked us to reconsider the approach of *Lopez de Victoria* and whether relying on legislative history is appropriate when determining whether statutory amendments apply retroactively. We therefore leave that question for another case.

was not limited to rape; it also eliminated the previous five-year period of limitations for unpremeditated murder.[6] Congress therefore did not intend the 2006 amendment simply to maintain the status quo. Second, even if Congress believed that the amendment was codifying existing law with respect to the statute of limitations for rape, that belief alone would not imply that Congress intended for the amendment to apply retroactively. In such circumstances, Congress would have had no reason to consider the issue of retroactivity. And if Congress did not actually decide to make the statute apply retroactively, then the presumption of non-retroactivity should control. *See Lopez de Victoria*, 66 M.J. at 74.

The Government alternatively argues that applying the 2006 amendment to Appellant's conduct is not truly a "retroactive" application of the law because the 2006 amendment did not attach any new legal obligations on Appellant. The Government explains that the 1998 *Willenbring* precedent put Appellant on notice that his offense might not have a period of limitations. The 2006 amendment merely confirmed what *Willenbring* already said.

We recognize that not all changes to a statute that affect conduct that occurred prior to its enactment have a "retroactive effect." *Landgraf v. USI Film Products*, 511 U.S. 244, 270 (1994). But the Government's argument that the 2006 amendment did not have a retroactive effect is foreclosed by our analysis in *Lopez de Victoria*. In *Lopez de Victoria*, we held that applying an extended statute of limitations to con-

---

[6] From 1986 until 2006, Article 43(a), UCMJ, provided no period of limitations for "offenses punishable by death" and a five-year period of limitations for other offenses. *See* National Defense Authorization Act for Fiscal Year 1987, Pub. L. No. 99-661, § 805(a), 100 Stat. 3816, 3908 (1986) (subsequently amended by NDAA FY 2006 §§ 552−53). Unpremeditated murder in violation of Article 118(2), UCMJ, is not an offense punishable by death. Article 118(2), (4), UCMJ, 10 U.S.C. § 918(2), (4). Accordingly, any unpremeditated murder committed between 1986 and 2006 had only a five-year period of limitations. *See Willenbring*, 48 M.J. at 178−79 (discussing the history of amendments to Article 43, UCMJ).

duct that had already occurred attached new legal conse-
quences to that conduct and thus was a retroactive applica-
tion of the law. 66 M.J. at 73. On the basis of this precedent,
we conclude that applying the 2006 amendment to Appel-
lant's conduct, which occurred in 2005 and prior to the
amendment, has an impermissible retroactive effect.

### III. Waiver, Forfeiture, and Related Arguments

R.C.M. 907(b)(2)(B) addresses the procedure for asserting
the statute of limitations. It provides:

> A charge or specification shall be dismissed upon
> motion made by the accused before the final ad-
> journment of the court-martial in that case if:
>
> . . . .
>
> (B) The statute of limitations (Article 43) has
> run, provided that, if it appears that the accused is
> unaware of the right to assert the statute of limita-
> tions in bar of trial, the military judge shall inform
> the accused of this right . . . .

The parties agree on two points about the meaning of this
complex provision. First, the accused has a right before final
adjournment of the case to assert the statute of limitations
as a ground for dismissing a charge or specification. Second,
the military judge must inform the accused of this right if it
appears that the accused is unaware of it. They disagree,
however, about what should happen in a case like this in
which (1) the accused did not raise the statute of limitations
before or at trial, (2) the military judge did not inform the
accused of the right to raise the statute of limitations, and
(3) raising the statute of limitations most likely would have
been futile because precedents in effect at the time of trial
held that there was no period of limitations for the offense of
rape.

In the Government's view, R.C.M. 907(b)(2)(B) merely
prevents a reviewing court from concluding that the accused
*knowingly and intentionally waived* the statute of limita-
tions as a defense. The Government asserts that the review-
ing court still must treat the defense as forfeited, and may
reverse a finding of guilt only if it finds plain error. *See
United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (for-
feited issues are reviewed for plain error). In this case, the

Government contends that the Court cannot find plain error because the Supreme Court held in *Musacchio v. United States*, 136 S. Ct. 709, 718 (2016), that an accused's failure to assert the statute of limitations is not plain error.

We disagree. In *Musacchio*, the Supreme Court reasoned that a statute of limitations defense is not jurisdictional and therefore the "defense becomes part of a case only if the defendant puts the defense in issue." *Id.* Accordingly, "[w]hen a defendant does not press the defense, then, there is no error for an appellate court to correct—and certainly no plain error." *Id.* The Supreme Court, however, made this decision in the context of a federal criminal prosecution governed by the Federal Rules of Criminal Procedure. We think that cases under the Rules for Courts-Martial are distinguishable. As indicated above, R.C.M. 907(b)(2)(B) requires the military judge to inform the accused of the right to assert the statute of limitations. The Federal Rules of Criminal Procedure have no analogous provision. Accordingly, in a court-martial, R.C.M. 907(b)(2)(B) makes the statute of limitations "part of a case" whenever the accused has a statute of limitations defense and does not appear to know it. We therefore can review Appellant's failure to raise the statute of limitations for plain error.

To establish plain error, Appellant must show "(1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *United States v. Armstrong*, 77 M.J. 465, 469 (C.A.A.F. 2018) (internal quotation marks omitted) (citation omitted). Plain error is assessed at the time of appeal. *United States v. Harcrow*, 66 M.J. 154, 159 (C.A.A.F. 2008) ("where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be plain at the time of appellate consideration" (internal quotation marks omitted) (citation omitted)). Our decision in *Mangahas* has now established that the period of limitations for a rape committed in 2005 was five years. Accordingly, it was clear and obvious error— at least as assessed in hindsight on appeal, entertaining the fiction that *Mangahas* had been decided at the time of Appellant's court-martial—for the military judge not to inform Appellant of the five-year period of limitation when the

11

sworn charges against him were received by the summary court-martial convening authority in 2014.

This clear and obvious error warrants relief because the error "results in material prejudice to [Appellant's] substantial rights." *Armstrong*, 77 M.J. at 469. If the military judge had informed Appellant of a possible statute of limitations defense, it requires no speculation to believe that Appellant would have sought dismissal. Indeed, Appellant testified that after being confronted by the victim eight years after the offense, he researched the statute of limitations to see if it provided a defense.

## IV. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is reversed. The finding and sentence are set aside. The charge and specification are dismissed.