*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

### UNITED STATES
Appellee

**v.**

### Thomas M. ADAMS, Sergeant
United States Army, Appellant

**No. 20-0366**
Crim. App. No. 20130693

Argued April 21, 2021—Decided September 9, 2021

Military Judge: J. Harper Cook and Jeffery R. Nance

For Appellant: *Frank J. Spinner*, Esq. (argued); *Major Alexander N. Hess* (on brief); *Captain Lauren M. Teel.*

For Appellee: *Captain Thomas J. Darmofal* (argued); *Colonel Steven P. Haight, Lieutenant Colonel Wayne H. Williams*, and *Major Dustin B. Myrie* (on brief).

Judge HARDY delivered the opinion of the Court, in which Judge MAGGS and Senior Judge STUCKY joined. Chief Judge OHLSON filed a dissenting opinion in which Judge SPARKS joined.

───────────────

Judge HARDY delivered the opinion of the Court.

This case, like *United States v. McPherson*, __ M.J. __ (C.A.A.F. 2021), requires us to decide whether Appellant's prosecution for certain offenses was time-barred by the statute of limitations provision in the 2016 version of Article 43(b)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 843(b)(1) (2012 & Supp. IV 2013–2017). Pursuant to the Court's decision in *McPherson*, we hold that the statute of limitations had expired for Appellant's charged offenses under Articles 125 and 134, UCMJ, 10 U.S.C. §§ 925, 934 (2000).

This case differs slightly from *McPherson*, however, because the Government originally charged Appellant in 2012, years before Congress passed the 2016 amendments to Article 43(b), UCMJ, which retroactively shortened the relevant statute of limitations. But the 2012 charges, which

would normally be immune from reductions to the statute of limitations after charges were brought, are *not* the charges that Appellant faces today. Instead, in 2017, the Government dismissed the original 2012 charges against Appellant and re-preferred new charges for the same offenses. The Government argues that even though the statute of limitations has expired for the re-preferred 2017 charges, those charges are not time-barred because the savings clause in Article 43(g), UCMJ, 10 U.S.C. § 843(g) (2012 & Supp. IV 2013–2017), tolled the statute of limitations after the original charges were dismissed and re-preferred. We disagree.

The savings clause in Article 43(g), UCMJ, does not apply to this case. By its plain text, Article 43(g), UCMJ, only applies when the original charges or specifications were "dismissed as defective or insufficient for any cause." We find no evidence that the original charges were dismissed because of a defect or insufficiency, and therefore hold that the savings clause in Article 43(g), UCMJ, is inapplicable. Because we believe that the error in this case was clear and prejudiced Appellant's substantial rights, we reverse in part the decision of the United States Army Court of Criminal Appeals (ACCA).

## I. Background

In 2013, a panel of officers with enlisted representation, sitting as a general court-martial, convicted Appellant, contrary to his pleas, of numerous sexual offenses against two minors.[1] *United States v. Adams*, No. ARMY 20130693, 2017

---

[1] At his original court-martial, Appellant was convicted of one specification of carnal knowledge, two specifications of sodomy with a child, and seven specifications of indecent liberties with a child, in violation of Articles 120, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 925, 934 (2000). Appellant was also convicted of offenses charged under the 2006 version of the UCMJ, including two specifications of aggravated sexual assault of a child, one specification each of aggravated sexual abuse of a child, indecent liberties with a child, rape of a child, and indecent conduct with a child, two specifications each of aggravated sexual contact with a child, producing child pornography, possessing child pornography, and possessing child erotica, in violation of Articles 120, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 925, 934 (2006). *United States v. Adams*, No. ARMY

CCA LEXIS 6, at *1–2, 2017 WL 76915, at *1 (A. Ct. Crim. App. Jan 6, 2017) (summary disposition) (unpublished). The panel sentenced Appellant to confinement for life with the possibility of parole, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge. *Id.* The convening authority approved all findings, except for Appellant's conviction for child erotica, and approved the sentence. *Id.*

On January 6, 2017, the ACCA set aside the findings of guilt and sentence and authorized a rehearing in light of this Court's decision in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016).[2] *Adams*, 2017 CCA LEXIS 6, at *8, 2017 WL 76915, at *3. On May 11 and August 3, 2017, after the ACCA set aside the original findings and sentence, the Government preferred a new charge sheet. The new charge sheet included numerous charges that were identical, or nearly identical, to the charges originally filed against Appellant in 2012, plus some entirely new charges. As explained below, only five of the 2017 charges are relevant to this appeal.

On August 4, 2017, the convening authority dismissed the original 2012 charges and referred the 2017 charges to a general court-martial. Of the new 2017 charges, four are relevant to the Article 43(g) savings clause issue posed in this case: Specifications 2, 3, and 4 of Charge II for indecent liberties with a child under Article 134, UCMJ (2000); and Specification 1 of Charge IV for sodomy with a child under the age of twelve under Article 125, UCMJ (2000).[3] The fifth

---

20130693, 2017 CCA LEXIS 6, at *1–2, 2017 WL 76915, at *1 (A. Ct. Crim. App. Jan. 6, 2017) (summary disposition) (unpublished).

[2] In *Hills*, we held that it is constitutional error for a military judge to use Military Rule of Evidence (M.R.E.) 413 to admit evidence of "charged conduct to which an accused has pleaded not guilty in order to show a propensity to commit the very same charged conduct." 75 M.J. at 354. Subsequently, in *United States v. Bonilla*, the ACCA extended the *Hills* ruling to include propensity evidence admitted under M.R.E. 414. No. ARMY 20131084, 2016 CCA LEXIS 590, at *22–23, 2016 WL 5682541, at *8 (A. Ct. Crim. App. Sept. 30, 2016) (unpublished), *aff'd* 76 M.J. 335 (C.A.A.F. 2017) (summary disposition).

[3] The full text of these four charges is included at the end of this opinion in Appendix 1. The differences between the 2017 charges

charge, Specification 5 of Charge II, is also implicated in this appeal. But, because that specification was preferred for the first time in 2017, it is relevant only to the statute of limitations question.

The 2017 charges were not based on any new conduct. The trial counsel explained to the military judge that the 2012 charges were dismissed because the "date ranges which were reflected on the 2017 charge sheet more accurately reflect the misconduct committed by the accused." However, none of the specifications at issue in this case changed in any material way, and the dates in all four specifications are exactly the same. As trial counsel clarified in a supplemental pleading, Specifications 2, 3, and 4 of Charge II were "the same as those which were preferred . . . in 2012 minus some minor crafting differences," and Specification 1 of Charge IV was a "verbatim recitation of Charge III, Specification 1 from [the] 2012 [charge sheet]."[4]

On various dates between September 8, 2017, and November 6, 2018, a military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of aggravated sexual assault of a child, six specifications of indecent liberties with a child, one specification of indecent acts with a child, one specification of production of child pornography, one specification of sodomy with a child, one specification of aggravated sexual abuse of a child, and one specification of abusive sexual contact with a child, in violation of Articles 120, 125, and 134, UCMJ. The military judge sentenced Appellant to confinement for forty-three years, reduction in grade to E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority approved the adjudged sentence.

---

and the corresponding 2012 charges are shown in bold, with the deleted text struck out and the new text underlined.

[4] Although trial counsel stated that Specification 1 of Charge IV was a verbatim recitation of the corresponding 2012 specification, the two specifications actually differ slightly. The 2017 specification includes Appellant's rank, and the words "on divers occasions" moved from the end to the beginning of the list of specified dates. *See* Appendix 1.

On appeal to the ACCA, Appellant argued that his court-martial for the specifications at issue in this appeal was timed-barred by statute of limitations. *United States v. Adams*, No. ARMY 20130693, 2020 CCA LEXIS 232, at *9, 2020 WL 4001871, at *5–6 (A. Ct. Crim. App. July 13, 2020) (unpublished). The ACCA disagreed. Although the ACCA noted that the relevant statutory text "does not appear ambiguous," the ACCA invoked "common sense" and declined to follow the text because to do so would lead "to an absurd and unintended result." *Id.* at *14, 2020 WL 4001871, at *8. The ACCA also held that, even if Congress did reduce the relevant statute of limitations in 2016, the savings clause in Article 43(g), UCMJ, applied because the Government made "slight changes" to the charge sheet prior to re-preferring charges against Appellant in 2017. *Id.* at *10 n.14, 2020 WL 4001871, at *6 n.14. The ACCA held that the "slight differences" fit within the statute's allowance for saving otherwise time-barred charges if they were dismissed as "defective or insufficient *for any cause.*" *Id.*

We granted review to decide:

> Whether the 2016 amendments to Article 43, UCMJ, retroactively made the statute of limitations five years for indecent liberties and sodomy offenses charged under Articles 134 and 125, UCMJ, respectively.

*United States v. Adams*, 80 M.J. 461 (C.A.A.F. 2020) (order granting review).

## II. Standard of Review

Deciding whether a statute of limitations has expired is a question of law that we review de novo. *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (C.A.A.F. 2008). When the statute of limitations issue is not raised at trial, we also review for plain error. *McPherson*, __ M.J. at __ (6) (citing *United States v. Briggs*, 78 M.J. 289, 295 (C.A.A.F. 2019), *rev'd on other grounds*, 141 S. Ct. 467 (2020)). To establish plain error, appellant must demonstrate "(1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *United States v. Armstrong*, 77 M.J. 465, 469 (C.A.A.F. 2018) (internal quotation marks omitted) (citation omitted).

### III. Discussion

Resolution of the issue presented in this case requires us to answer three questions. First, whether Congress's 2016 amendments to Article 43, UCMJ, reduced the statute of limitations for the offenses challenged by Appellant in this appeal—indecent liberties charged under Article 134, UCMJ, and sodomy charged under Article 125, UCMJ—to five years. Second, if so, whether the savings clause in Article 43(g), UCMJ, prevents those offenses from being time-barred by the reduced statute of limitations. And finally, if not, whether Appellant established plain error.

### A. Statute of Limitations

In *McPherson*, which was argued the same day as this case, the Court thoroughly examined and decided the first question, and we adopt in whole the holding and reasoning of that decision. As the Court explained, we cannot ignore the plain text of the applicable version of Article 43(b), UCMJ, merely because the Government argues that to do so would go against Congress's apparent contrary intentions in enacting that provision or because doing so produces an undesirable result. __ M.J. at __ (1). Thus, consistent with the plain text of Article 43(b), UCMJ, as amended in 2016, the statute of limitations for Appellant's challenged charges under Articles 125 and 134, UCMJ, was five years. Pursuant to our holding in *McPherson*, we hold that Specification 5, Charge II, which was filed for the first time in 2017, not 2012, was time-barred by the plain text of the 2016 amended version of Article 43(b), UCMJ.

### B. Savings Clause

The next question is whether the savings clause in Article 43(g), UCMJ, applies in this case and prevents the five-year statute of limitations from barring Appellant's challenged charges. Under Article 43(g), UCMJ:

> If charges or specifications are dismissed as defective or insufficient for any cause and the period prescribed by the applicable statute of limitations . . . has expired, . . . trial and punishment under new charges and specifications are not barred by the statute of limitations . . . .

As noted above, for Appellant's challenged offenses under Articles 125 and 134, UCMJ, "the period prescribed by the applicable statute of limitations . . . has expired." Article 43(g), UCMJ. Thus, for Article 43(g), UCMJ, to permit trial and punishment under new charges and specifications, the original charges must have been "dismissed as defective or insufficient for any cause."

In its brief before this Court, the Government offered no explanation for how or why the original dismissed charges were "defective or insufficient." Apparently, the Government believed that because Article 43(g), UCMJ, requires that the original charges be "dismissed as defective or insufficient *for any cause*" (emphasis added), no explanation is required. The Government suggests it is simply enough that the charges were dismissed. We disagree.

The Government's approach would effectively strike the words "as defective or insufficient" from the statute. In the Government's view, Article 43(g)'s savings clause should apply whenever "charges or specifications are dismissed . . . for any cause," and the provision's other requirements are satisfied. It is a "cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Thus, the Supreme Court has repeatedly held that courts are "obliged to give effect, if possible, to every word Congress used." *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 632, (2018) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)); *see also, e.g.*, *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 105 (2010) (same); *Carcieri v. Salazar*, 555 U.S. 379, 391 (2009) (same); *Connecticut Dep't of Income Maint. v. Heckler*, 471 U.S. 524, 530 (1985) (same); *United States v. Menasche*, 348 U.S. 528, 538–39 (1955) (same); *Inhabitants of Twp. of Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883) (same); *Market Co. v. Hoffman*, 101 U.S. 112, 115 (1879) (same). Because the Government's argument would render superfluous the words "as defective or insufficient" in Article 43(g), we cannot accept its suggested interpretation of that provision.

Instead, we believe that for the savings clause in Article 43(g) to apply, the original charges must have been dismissed because they were "defective or insufficient" in some manner.

When pushed at oral argument to explain how the dismissed charges were "defective or insufficient," the Government admitted that the changes made to the date ranges between the original 2012 charges and the 2017 charges were "minor," but maintained that the 2012 charges were defective or insufficient "to the extent that the date ranges were not correct." Oral Argument at 29:10, *United States v. Adams*, No. 20-0366 (C.A.A.F. April 21, 2021). We find no evidence that the dismissed charges suffered from any defect or insufficiency in their dates, or otherwise.

As noted above, the Government stated before the military judge that the original 2012 charges were dismissed because the "date ranges which were reflected on the 2017 charge sheet more accurately reflect[ed] the misconduct committed by the accused." As Appellant correctly points out, however, none of the date ranges of the specifications at issue in this appeal were edited. The Government's argument appears to be based on the fact that in each of the new 2017 specifications at issue in this appeal the date "3 May 2005" was initially replaced with "30 May 2005" in the list of occasions when the misconduct allegedly occurred. But that lone difference appears to have been a typo that the Government fixed when it amended the 2017 charge sheet to make the dates in the as-amended specifications identical to the corresponding 2012 specifications. Given that the dates in the 2012 specifications and the as-amended 2017 specifications are exactly the same, we cannot accept the Government's argument that the charges were dismissed and re-preferred to "more accurately reflect the misconduct committed by the accused."

We also note that although the date ranges of the relevant 2017 specifications are identical to the 2012 specifications, the Government did make other minor changes to the specifications, as shown in Appendix 1. However, the Government has never argued, or even suggested, either before the military judge or before this Court that those other changes were intended to address any defect or insufficiency in the original 2012 specifications. To the contrary, in its supplemental filing before the military judge, the Government described the changes as "minor crafting differences," and reassured the military judge "that these charges and specifications are *ex-*

*actly the same*" as the corresponding 2012 charges. Government Supplemental Pleading Relating Charges from 2012 and 2017 at 2, *United States v. Adams* (Third Judicial District, U.S. Army Sept. 13, 2017) (emphasis added).

In light of the Government's own statements about the 2017 specifications and the fact that no changes were made to the date ranges of the four specifications at issue here (the Government's purported reason for the dismissal of the original charges), we do not believe that the 2012 specifications were "dismissed as defective or insufficient for any cause." Accordingly, Article 43(g), UCMJ, does not apply to save the time-barred charges.

### C. Plain Error

To establish plain error Appellant must show "(1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *Armstrong*, 77 M.J. at 469 (internal quotation marks omitted) (citation omitted). The Government argues that Appellant has not shown that any error was clear or obvious because neither party made "any mention of a potential statute of limitations issue" at either the court-martial or CCA stages. The Court rejected similar reasoning in *McPherson*, and we do the same here. *McPherson,* __ M.J. at __ (17). As we noted in *McPherson*, a plain reading of the 2016 version of Article 43(b), UCMJ, requires us to hold that the statute of limitations for the charges under Articles 125 and 134, UCMJ, was five years. We have no doubt that Appellant would have raised this issue as a defense at court-martial if he were properly advised of the issue by the military judge, as required by Rules for Courts-Martial (R.C.M.) 907(b)(2)(B). As such, the error in this case was clear and prejudiced Appellant's defense.

### IV. Conclusion

The decision of the United States Army Court of Criminal Appeals is reversed as to Charge II and Specifications 2, 3, 4, and 5 thereunder, as to Charge IV and Specification 1 thereunder, and as to the sentence. The findings of guilty as to those charges and specifications are set aside, and those charges and specifications are dismissed. The remaining findings are affirmed. The record is returned to the Judge Advocate General of the Army for remand to the Army Court of

Criminal Appeals. That court may either reassess the sentence based on the affirmed findings, or it may order a rehearing on the sentence. *See United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

## Appendix 1

The full text of the four offenses at issue in this appeal appear below. These offenses were originally charged against Appellant on September 11, 2012, were re-preferred on August 11, 2017, and were amended on September 8, 2017. The differences between the original 2012 charges and the final 2017 as-amended charges are shown below in bold. Text deleted from the original 2012 specifications is struck-through, and new text added to the new 2017 specifications is underlined.

### *2017 Charge II, Specification 2 (formerly 2012 Charge II, Specification 3):*

> In that Sergeant Thomas M. Adams~~,~~ **(E-5),** U.S. Army, did, at or near Fort Riley, Kansas, **on divers occasions** between on or about 1 December 2003 and on or about 15 December 2003~~,~~ **and** between on or about 27 March 2004 and on or about 1 February 2005~~,~~ and between on or about 18 April 2005 and on or about 3 May 2005, ~~on divers occasions~~ take indecent liberties with [the victim], a female under ~~the age of~~ 16 years **of age,** not the wife of the ~~said Sergeant Adams~~ **accused,** by ~~directing~~ **causing** her to touch her own genitalia and by causing her to penetrate her own genital opening with her own hand ~~or~~ **and** finger, with intent to arouse ~~or~~ **and** gratify ~~the lust or~~ **the** sexual desires of the ~~said Sergeant Adams,~~ **accused,** such conduct being ~~prejudicial~~ to the **prejudice of** good order and discipline in the armed forces and ~~being~~ of a nature to bring discredit upon the armed forces.

### *2017 Charge II, Specification 3 (formerly 2012 Charge II, Specification 4):*

> In that Sergeant Thomas M. Adams~~,~~ **(E-5),** U.S. Army, did, at or near Fort Riley, Kansas, **on divers occasions** between on or about 1 December 2003 and on or about 15 December 2003~~,~~ **and** between on or about 27 March 2004 and on or about 1 February 2005~~,~~ and between on or about 18 April 2005 and on or about 3 May 2005, ~~on divers occasions~~ take indecent liberties with [the victim], a female **under** ~~the age of~~ 16 years~~,~~ **of age,** not the wife of the ~~said Sergeant Adams,~~ **accused,** by causing her to touch her own genital opening with instruments designed for sexual stimulation, with intent to arouse ~~or~~ **and** gratify the ~~lust or~~ sexual desires of the ~~said Sergeant Adams~~ **accused**, such

conduct being ~~**prejudicial**~~ **to the prejudice** of ~~the~~ good order and discipline in the armed forces and ~~**being**~~ of a nature to bring discredit upon the armed forces.

### 2017 Charge II, Specification 4 (formerly 2012 Charge II, Specification 6):

In that Sergeant Thomas M. Adams~~,~~ **(E-5),** U.S. Army, did, at or near Fort Riley, Kansas, between on or about 1 December 2003~~,~~ and on or about 15 December 2003~~,~~ **and** between on or about 27 March 2004 and on or about 1 February 2005~~, or~~ **and** between on or about 18 April 2005 and on or about 3 May 2005, take indecent liberties with [the victim], a female under ~~the age of~~ 16 **years~~,~~ of age**, not the wife of the ~~**said Sergeant Adams,**~~ **accused,** by inviting [the victim] to touch his penis ~~**and stating "feel this", or words to that effect**~~, with intent to arouse ~~or~~ **and** gratify the ~~**lust or**~~ sexual desires of the ~~**said Sergeant Adams, accused**~~, such conduct being ~~**prejudicial**~~ **to the prejudice of** ~~the~~ good order and discipline in the armed forces and ~~**being**~~ of a nature to bring discredit upon the armed forces.

### 2017 Charge IV, Specification 1 (formerly 2012 Charge III, Specification 1):

In that Sergeant Thomas M. Adams~~,~~ **(E-5),** U.S. Army, did, at or near Fort Riley, Kansas, **on divers occasions** between on or about 27 March 2004 and on or about 1 February 2005 and between on or about 18 April 2005 and on or about 3 May 2005, ~~**on divers occasions**~~ commit sodomy with [the victim], a child under the age of 12.

Chief Judge OHLSON, with whom Judge Sparks joins, dissenting.

Consistent with my analysis in *United States v. McPherson*, I would hold that the prosecution of Appellant for sexually abusing his young stepdaughter was timely. *See* __ M.J. __, __ – __ (1–16) (C.A.A.F. 2021) (Ohlson, C.J., with whom Sparks, J., joined, dissenting). I would therefore affirm Appellant's convictions on all specifications of indecent liberties with a child and sodomy with a child which are at issue here. Because the majority holds otherwise, I respectfully dissent.[1]

---

[1] I agree with the majority that the savings clause of Article 43(g), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 843(g), is inapplicable in this case.